[Civ. No. 52250. Second Dist., Div. One. May 10, 1978.]

VASKEN MINASIAN, Plaintiff and Appellant, v.
ALFRED T. SAPSE, Defendant and Respondent.

**COUNSEL**

Wilen & Braun and Daniel B. Wilen for Plaintiff and Appellant.

Reilly, Denver & McLain and Leon Small for Defendant and Respondent.

**OPINION**

**LILLIE, J.**—Plaintiff appeals from order of dismissal entered on motion for judgment on the pleadings. Raised is the question whether the dismissal of a former proceeding for failure to prosecute (Code Civ. Proc., § 583, subd. (a)) constitutes a favorable termination of the

proceeding for the purpose of stating a cause of action for malicious prosecution.

In accord with the settled rule, we accept as true all well pleaded material factual allegations in the complaint. (*Colberg, Inc.* v. *State of California* ex rel. *Dept. Pub. Wks.,* 67 Cal.2d 408, 411-412 [62 Cal.Rptr. 401, 432 P.2d 3].) In July 1971 Minasian instituted a municipal court action against Sapse to recover $300 owed as attorney's fees. On August 12 Minasian received the answer, counterclaims and cross-complaint filed by Sapse in which it was alleged that Minasian's process server had acted in such a way that Sapse's wife, who had recently undergone surgery, was agitated and emotionally shocked so as to cause her to be in a severe state of hypertension as a direct result of which she died. Sapse claimed damages for wrongful death in the amount of $50,000. Minasian was emotionally distressed by these allegations. On August 16 he received notice of motion for an order allowing amendment of Sapse's pleadings to show that his wife had not died, but rather had suffered nervous anxiety for which Sapse claimed general damages of $6,000 and certain special damages.[1] Based on the amount prayed for in Sapse's cross-complaint and counterclaims the court transferred the case to superior court. For more than two years Minasian received no communications from Sapse or his attorney, no discovery was undertaken, and no answers to written interrogatories previously propounded to him were made by Sapse. On December 7, 1973, on Minasian's motion, the cross-complaint and counterclaims were dismissed for failure to prosecute, and the matter was returned to municipal court.

The complaint herein further alleges that Sapse acted maliciously and without probable cause in filing the cross-complaint and counterclaims, and that Minasian suffered general and special damages amounting to $55,000 as a result of the malicious prosecution.

To establish a cause of action for malicious prosecution of a civil proceeding a plaintiff must plead and prove a prior judicial proceeding favorably terminated and that the proceeding was brought maliciously and without probable cause. (*Bertero* v. *National General Corp.,* 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Jaffe* v. *Stone,* 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775].) ■ The cause of action lies for the prosecution of ancillary proceedings, including

---

[1]In his answer to the complaint for malicious prosecution Sapse explains that when he read the unverified cross-complaint he immediately called his attorney to tell him the facts originally alleged were in error.

counterclaims and cross-complaints as well as for prosecution of the main proceedings.[2] (*Ibid.; Twyford* v. *Twyford,* 63 Cal.App.3d 916, 921 [134 Cal.Rptr. 145].)

There is no challenge to the complaint's allegations of malice and lack of probable cause. Rather, it is respondent's position that dismissal of an action under the two-year failure to prosecute provision of section 583, subdivision (a), Code of Civil Procedure, does not constitute a favorable termination for purpose of stating a cause of action for malicious prosecution.

"The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort, that is, the malicious and unfounded charge . . . against an innocent person. If the accused were actually convicted, the presumption of his guilt or of probable cause for the charge would be so strong as to render wholly improper any action against the instigator of the charge." (*Jaffe* v. *Stone, supra,* 18 Cal.2d 146, 150.)[3] "[I]t is now the well-established rule that a verdict or final determination upon the merits of the malicious civil suit or criminal prosecution complained of is not necessary to the maintenance of an action for malicious prosecution, but that it is sufficient to show that the former proceeding had been *legally terminated.*" (Original italics.) (*Hurgren* v. *Union Mutual Life Ins. Co.,* 141 Cal. 585, 587 [75 P. 168]; *Hudson* v. *Zumwalt,* 64 Cal.App.2d 866, 872 [149 P.2d 457].) Of course where the termination of the former proceeding is not on the merits it is somewhat more difficult to ascertain whether it indicates the innocence of the defendant in the action. Nevertheless, the theory is the same in testing a dismissal or other termination without a trial on the merits. "If it is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination." (*Jaffe* v. *Stone, supra,* 18 Cal.2d 146, 150.)

---

[2]Respondent's argument that as a matter of public policy malicious prosecution should not lie where the plaintiff "initiated this entire chain of events" for attorney's fees is completely answered by *Bertero* v. *National General Corp.,* 13 Cal.3d 43, 50-53 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].

[3]"Although the original proceeding in *Jaffe* was criminal, the gist of the statement is equally applicable to cases . . . where the main action is civil." (*Babb* v. *Superior Court,* 3 Cal.3d 841, 846 [92 Cal.Rptr. 179, 479 P.2d 379].)

A dismissal for failure to prosecute under Code of Civil Procedure, section 583, subdivision (a) is not a dismissal on technical grounds within the meaning of the *Jaffe* opinion. (Rest.2d Torts, § 674, com. j; see *Williams* v. *California M. P. Assn.,* 136 Cal.App. 172 [28 P.2d 59].) Whether or not the termination of an action prior to a determination on the merits tends to indicate innocence on the part of the defendant of the acts with which he is charged must depend on whether the manner of termination *reflects* on the merits of the matter. In some instances the manner of termination reflects the opinion of the court that the action lacks merit, as where criminal proceedings are dismissed for lack of sufficient evidence of guilt following a preliminary hearing. (*Jaffe* v. *Stone, supra,* 18 Cal.2d 146.) In others, the termination reflects the opinion of the prosecuting party that, if pursued, the action would result in a decision in favor of the defendant, as where the district attorney seeks dismissal of the prosecution of a criminal action for lack of evidence (*Jackson* v. *Beckham,* 217 Cal.App.2d 264, 269-270 [31 Cal.Rptr. 739]; see *Sutherland* v. *Palme,* 93 Cal.App.2d 307, 313 [208 P.2d 1035] [insanity proceedings]) or where the plaintiff in a civil proceeding voluntarily dismisses the action (*MacDonald* v. *Joslyn,* 275 Cal.App.2d 282, 289 [79 Cal.Rptr. 707, 35 A.L.R.3d 641]; *Kennedy* v. *Byrum,* 201 Cal.App.2d 474, 479-480 [20 Cal.Rptr. 98]).[4] By way of contrast, a dismissal, say, for lack of jurisdiction (see *Ferraris* v. *Levy,* 223 Cal.App.2d 408, 411 [36 Cal.Rptr. 30]) not only is not on the merits, it is unreflective of the merits; neither the judgment of the court nor that of the prosecuting party on the merits is implicated in the dismissal.

A dismissal for failure to prosecute under section 583, subdivision (a) does reflect on the merits of the action, and that reflection is favorable to the defendant in the action. The reflection arises from the natural assumption that one does not simply abandon a meritorious action once instituted. In *Dowling* v. *Polack,* 18 Cal. 625, suit was brought on an injunction bond. The party who had secured the temporary injunction did not appear at the hearing on the merits; on motion of defendants the suit was dismissed. While perhaps not strictly on point the opinion of the court at page 628 is instructive: "Looking at the matter in the light of

[4]A dismissal resulting from negotiation, settlement, or consent is generally not deemed a favorable termination of the proceedings. (*Webb* v. *Youmans,* 248 Cal.App.2d 851, 853 [57 Cal.Rptr. 11].) In such a case the dismissal reflects ambiguously on the merits of the action as it results from the joint action of the parties, thus leaving open the question of defendant's guilt or innocence. (See Prosser, Law of Torts (4th ed. 1971) § 119, p. 840.) Similarly ambiguous is the dismissal of criminal proceedings "in the interests of justice," as this term ". . . implies considerations which would favor each side to this litigation." (*De La Riva* v. *Owl Drug Co.,* 253 Cal.App.2d 593, 600 [61 Cal.Rptr. 291].)

principle, it would seem that the failure of the plaintiff to prosecute his suit should be regarded as a concession of his inability to maintain it. The issues are not actually examined and passed upon, but by his failure to appear he virtually confesses that the result of the trial would be to find them against him."

Undoubtedly the failure to prosecute may occasionally be attributable to other than a complainant's implicit concession as to the merits of the action. But it is impossible to see how, at least at the pleading stage, the one complaining of the malicious prosecution can do more than to allege the fact that an action was brought against him and subsequently dismissed because it was not pursued. Should a conflict arise as to the circumstances explaining the failure to prosecute, the trier of fact must exercise its traditional role in deciding the conflict. (See *Jackson* v. *Beckham, supra,* 217 Cal.App.2d 264, 270-271; *Bulkley* v. *Klein,* 206 Cal.App.2d 742 [23 Cal.Rptr. 855].)

The order of dismissal is reversed.

Wood, P. J., and Thompson, J., concurred.