[Civ. No. 63728. Second Dist., Div. Two. May 5, 1982.]

ELLA LUMPKIN, Plaintiff and Appellant, v.
NATHANIEL J. FRIEDMAN, Defendant and Respondent.

**COUNSEL**

Feldman & Gordon and Phillip Feldman for Plaintiff and Appellant.

Lewis, D'Amato, Brisbois & Bisgaard, R. Gaylord Smith, David B. Parker and Deborah Dentler for Defendant and Respondent.

**OPINION**

**COMPTON, J.**—In this action for malicious prosecution the trial court sustained a demurrer to plaintiff's first amended complaint and dismissed the action. The trial court concluded that plaintiff had failed to plead properly that the previous underlying action had been terminated favorably to her. By taking judicial notice of the file in the previous action the trial court concluded that it would be impossible for plaintiff ever truthfully to plead that essential element of a cause of action for malicious prosecution. We disagree and reverse.

The case presents a novel issue which appears to us to be one of first impression, with implications which transcend the particular framework in which this case arose. Basically that issue is whether a judgment against a plaintiff which results from sanctions for failure to comply with discovery requirements is a favorable termination for defendant and provides the basis for a subsequent action for malicious prosecution.

Plaintiff Ella Lumpkin engaged defendant Nathaniel Friedman, an attorney at law, to prosecute a dental malpractice action on her behalf. Apparently there was a contingent fee arrangement between the parties. The record does not disclose whether the contract was oral or written.

The result of that litigation was a judgment for the defendant dentist. Friedman subsequently instituted a municipal court action against his former client for $508.69 by the filing of a complaint based on the common counts. The money was allegedly due as a result of Friedman having advanced costs in the malpractice action.[1]

When the case was called for trial in the municipal court, Friedman called Lumpkin to the stand pursuant to Code of Civil Procedure section 776 and questioned her.[2] Three documents consisting of two "billing invoices" and a "ledger statement" were marked for identification as Friedman's exhibits.

The minutes of the municipal court then reflect that "Neither plaintiff or defendant have filed their Witness and Evidence Statement. The court discusses the failure of parties to file their statements."

No further testimony was offered by either side. The court entered judgment for Lumpkin. Thereafter Lumpkin commenced the present action against Friedman for malicious prosecution.

Resolution of the issue of whether the judgment referred to above was a "favorable termination" for defendant in that action, and plaintiff in this action for malicious prosecution, must start with the principles

---

[1] We are not here concerned with the issues of probable cause and malice. Those elements were properly pleaded and admitted by the demurrer. Nothing in the record which we can judicially notice controverts those allegations.

[2] We discern these facts from documents in the Los Angeles Municipal Court file No. 269248, which we judicially notice. There was no reporter present and the record does not reveal the contents of Lumpkin's testimony.

enunciated by the Supreme Court in *Lackner* v. *LaCroix* (1979) 25 Cal.3d 747 [159 Cal.Rptr. 693, 602 P.2d 393].

In that case a doctor had prevailed in a malpractice action against him by successfully asserting the defense of the statute of limitations. In a subsequent action for malicious prosecution brought by the doctor against the former plaintiff, the trial court dismissed on the grounds that the former action was not terminated favorably to the doctor.

The Supreme Court approved, holding at page 751, that "It is apparent 'favorable' termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution."

The *Lackner* court quoted extensively from *Minasian* v. *Sapse* (1978) 80 Cal.App.3d 823, at page 827 [145 Cal.Rptr. 829], where the issue of "favorable termination" was analyzed as follows: "'In some instances the manner of termination reflects the opinion of the court that the action lacks merit, as where the criminal proceedings are dismissed for lack of sufficient evidence of guilt following a preliminary hearing. [Citations omitted.] In others, the termination reflects the opinion of the prosecuting party that, if pursued, the action would result in a decision in favor of the defendant, as where the district attorney seeks dismissal of the prosecution of a criminal action for lack of evidence [citations omitted] or where the plaintiff in a civil proceeding voluntarily dismisses the action [citations omitted]. By way of contrast, a dismissal . . . for lack of jurisdiction [citations omitted] not only is not on the merits, it is unreflective of the merits; neither the judgment of the court nor that of the prosecuting party on the merits is implicated in the dismissal. [¶] *A dismissal for failure to prosecute . . . does reflect on the merits of the action. . . . The reflection arises from the natural assumption that one does not simply abandon a meritorious action once instituted.*'" (*Lackner*, 25 Cal.3d at pp. 750-751; italics added.)

In summary, while it is not necessary that there be a verdict or final determination on the merits, in order for a termination of lesser quality to be considered favorable to the defendant, it must reflect that

the action lacked merit and if pursued would have resulted in a decision in favor of defendant. (*Stanley* v. *Superior Court* (1982) 130 Cal.App. 3d 460 [181 Cal.Rptr. 878].) Such a reflection may be inferred from the failure of the plaintiff to press his cause indicating an opinion on his part that the case lacks merit.

The "Witness and Evidence Statement" referred to in the minutes of the municipal court is a product of the so-called "economical litigation project" established by Code of Civil Procedure section 1823 et seq.

Those statutes, insofar as is relevant here, eliminate pretrial discovery (Code Civ. Proc., § 1825) and substitute therefor a statement by each party to be filed 45 days after the case is at issue setting forth the names and addresses of witnesses to be called and a description of physical and documentary evidence and copies of documents which each party intends to produce. (Code Civ. Proc., § 1825.1.) This requirement does not apply to evidence to be used for impeachment purposes.

Except when relief is granted for reasons set forth in Code of Civil Procedure section 473, i.e., mistake, surprise, inadvertence or excusable neglect, a party may produce only such witnesses and evidence as listed in the statement. (Code Civ. Proc., § 1825.3.)

Pursuant to Code of Civil Procedure section 1823.4, the judicial council is authorized to adopt rules for implementing the project in the municipal court and advancing the objectives of the above mentioned statutes. Such rules may modify or alter some of the procedures.

Rule 1725 of the California Rules of Court in effect at the time the municipal court action was tried was adopted pursuant to that authority and provides: "At trial, for purposes other than impeachment, a party shall call no witnesses except the adverse party and those persons disclosed by it pursuant to rule 1721 and shall introduce no physical evidence or documents not identified pursuant to rule 1721. However, *the court may, upon such terms as may be just, for any of the causes specified in section 473 of the Code of Civil Procedure, permit a party to introduce evidence not otherwise permitted by this rule.* If such relief is granted, the adverse party is entitled to a continuance to meet the new evidence and is entitled to meet the new evidence by evidence not disclosed in its statements. Nothing in this rule limits the introduction of evidence in any hearing pursuant to section 585 of the Code of Civil Procedure." (Italics added.)

Defendant Friedman infers from the municipal court record which we have previously discussed that he was prevented from presenting his case by the sanctions of that rule and thus the case terminated on technical or procedural grounds similar to the situation in *Lackner v. LaCroix, supra*, 25 Cal.3d 747.

We are not as certain as defendant that is what the record reflects. The record shows that witnesses were sworn, exhibits were marked for identification and testimony was taken from Lumpkin. Apparently Friedman did not offer, as he could have, any testimony or exhibits by way of impeachment of Lumpkin's testimony. Nor does the record show that he sought any relief from the sanctions even though the trial court was authorized by the statute and the rule to grant relief upon a proper showing. *A final judgment was entered on the basis of the evidence presented.*

Perhaps on a motion for summary judgment, Friedman could establish his claim that the termination did not reflect on the merits. We are here, however, dealing with a demurrer and the record of which we take judicial notice does not satisfy us that such was the case. Friedman's claim at this point is simply that he had evidence available which, if permitted to be presented, would have proved his case.

Assuming arguendo that the judge in the municipal court action, as a sanction for failure to comply with the truncated discovery which is required under the economical litigation project barred essential testimony which Friedman sought to produce, we are of the opinion that the imposition of that sanction would nevertheless constitute a termination which reflected on the merits of the case. In our opinion that sanction equates with the sanction of barring the testimony or dismissing the complaint of a party who refuses to be deposed or to respond to interrogatories, (Code Civ. Proc., § 2034d) and such a termination compares to the situation of the party who simply fails to appear or press his case. (*Minasian v. Sapse, supra*, 80 Cal.App.3d 823.)

A plaintiff who neglects to produce essential evidence, subpoena necessary witnesses or present evidence in a proper form and thereby suffers a judgment against him cannot be heard to claim that he lost on purely technical grounds. Hence defendant Friedman's negligent failure properly to present his evidence in the municipal court action cannot be characterized as simply a technical or procedural matter.

Our equating of the failure to comply with discovery procedures with the failure diligently to prosecute an action in accordance with Code of Civil Procedure section 583, is predicated on the well-recognized rule permitting an inference, where a party fails to produce evidence which he might reasonably be expected to produce, that the evidence would be unfavorable to that party. (Evid. Code, §§ 412, 413; Witkin, Cal. Evidence (2d ed. 1966) §§ 1127-1129, pp. 1043-1045; *Martinez* v. *Superior Court* (1970) 7 Cal.App.3d 569 [87 Cal.Rptr. 6].)

This concept is codified in Code of Civil Procedure, section 2034, subdivision (b)(2), which provides the court with two alternatives where a party refuses to permit discovery. The alternatives are (1) an order that the facts are established adversely to that party, or (2) an order preventing that party from producing the evidence.

If as a result of the exercise of either alternative a judgment is rendered against the plaintiff, such judgment would be as much a reflection of the lack of merit of the plaintiff's cause as a failure by the plaintiff to diligently prosecute his case.

In summary, we conclude that plaintiff here has adequately pleaded a favorable termination of the prior action and the record of the municipal court, of which we take judicial notice, does not controvert that pleading. The judgment (order of dismissal) is reversed and the matter is remanded to the trial court with directions to enter an order overruling the demurrer.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied May 26, 1982, and respondent's petition for a hearing by the Supreme Court was denied June 30, 1982.