[Civ. No. 65369. Second Dist., Div. Four. Oct. 20, 1982.]

IRWIN ZEAVIN et al., Plaintiffs and Appellants, v.
GEORGE S. LEE, Defendant and Respondent.

**COUNSEL**

Herbert Manasse and Richard H. Geringer for Plaintiffs and Appellants.

Lewis, D'Amato, Brisbois & Bisgaard, David B. Parker and Conrad R. Aragon for Defendant and Respondent.

**OPINION**

**McCLOSKY, J.**—Appellants Irwin Zeavin, M.D., and Friedrich K. Kaspar, M.D., appeal "from the Order of the Court . . . dated December

19, 1980, sustaining the Demurrer of defendant George S. Lee to the complaint, and the Entry of Judgment thereon, consisting of the Order of Dismissal Without Leave to Amend, entered and filed on the tenth day of January 1981."[1] The appellants filed a complaint purporting to state causes of action for malicious prosecution and abuse of process against respondent, George S. Lee, and others who are not parties to this appeal.

Appellants properly concede at pages one and two of their reply brief that the complaint fails to state facts constituting a cause of action for abuse of process against respondent, and agree that said causes of action (i.e. the third and fourth causes of action of the complaint) "should be stricken." In view of this concession we need not, and do not, discuss the abuse of process causes of action.

In the remaining two causes of action for malicious prosecution, the complaint sets forth the following:

Appellants Zeavin and Kaspar are medical doctors. Respondent Lee is an attorney who, together with defendant McLeod, and without probable cause, filed a complaint against appellants on behalf of one Chung. Thereafter in June 1979, appellant "Zeavin received an oral communication from the daughter of Chung, who advised Zeavin that her mother, Chung, was living in Mexico and directed her daughter to inform the mother's attorneys that the lawsuit should be dropped and dismissed, and that the mother did not wish to pursue the matter further against Zeavin, or any of the other defendants. The daughter further advised Zeavin that she had communicated her mother's request to the mother's attorneys.

"On or about December 28, 1979, the lawsuit against Kaspar was dismissed with prejudice, because the plaintiff Chung refused to cooperate with her attorney, plaintiff [sic] McLeod, in pursuing the lawsuit against Kaspar and refused to answer written interrogatories that were duly served on December 20, 1978.

"On or about April 16, 1980, the lawsuit against Zeavin was dismissed with prejudice because the 'plaintiff Chung' refused to cooperate with her attorney, McLeod in pursuing the lawsuit against Zeavin, and refused to appear for a deposition."

---

[1] The order sustaining the demurrer is a nonappealable order. Pursuant to rule 2(c) of the California Rules of Court, we treat the notice of appeal as a valid notice of appeal from the subsequently entered judgment (order of dismissal). (*See Marcotte* v. *Municipal Court* (1976) 64 Cal.App.3d 235, 239 [134 Cal.Rptr. 314]; *Flowers & Sons Development Corp.* v. *Municipal Court* (1978) 86 Cal.App.3d 818, 822 [150 Cal.Rptr. 555].)

In the complaint it is alleged further that the respondent, Lee and others, filed the malpractice action against appellants Zeavin and Kaspar without probable cause, lacking a reasonable belief that the action had merit, in that the surgery performed by the appellants "was necessary to save Chung's life and was done within the standard of care prevailing in this community to involve the ovary on the left side in order to repair [Chung's] perforated rectum and defendants know [*sic*] or should have known about these facts prior to filing the lawsuit."

It is further alleged in the complaint that appellants, and each of them, suffered severe emotional distress, anxiety and concern as a result of the aforesaid conduct of respondent and the other defendants which conduct was carried out maliciously, oppressively without justification and to vex and annoy appellants and to intimidate appellants into settling the malpractice case. Appellants seek compensation and punitive damages.

Respondent demurred generally on the grounds that the complaint failed to allege facts sufficient to (1) constitute the necessary element of favorable termination of the prior lawsuit and (2) lack of probable cause in instituting the prior lawsuit. The trial court sustained respondent's demurrer to the complaint without leave to amend, stating in its minute order of December 19, 1980, that it was doing so on the basis of Code of Civil Procedure section 430.10, subdivision (e) for the reason that the termination of the prior action was not a "favorable termination."

Appellants contend on appeal that the trial court erred and committed an abuse of discretion when it sustained respondent's demurrer to appellants' complaint without leave to amend.

#### DISCUSSION

■ The essential elements of the malicious prosecution tort are threefold: (1) Favorable termination of the prior lawsuit; (2) lack of probable cause in bringing the prior action; and (3) malice. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 255, pp. 2531-2532; *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Tool Research & Engineering Corp.* v. *Henigson* (1975) 46 Cal.App.3d 675, 682 [120 Cal. Rptr. 291].)

In his demurrer respondent specified, among other things, that the complaint failed to allege facts sufficient to constitute the first two of those necessary elements of a cause of action for malicious prosecution.

The trial court gave as its sole ground for sustaining the demurrer ". . . that the termination of the prior procedure was not a 'favorable termination.'"

 Appellants contend that they have pleaded facts showing a favorable termination. We disagree. Appellants point out that the relevant portion of the complaint read as follows:

"9. On or about December 28, 1979, the lawsuit against KASPAR was dismissed with prejudice, because the Plaintiff, CHUNG, refused to cooperate with her attorney, Plaintiff [*sic*] McLEOD in pursuing the lawsuit against KASPAR and refused to answer written interrogatories that were duly served on December 20, 1978.

"10. On or about April 16, 1980, the lawsuit against ZEAVIN was dismissed with prejudice, because the Plaintiff, CHUNG, refused to cooperate with her attorney, McLEOD in pursuing the lawsuit against ZEAVIN, and refused to appear for a deposition."

Appellants cite us to the cases of *Kahn v. Kahn* (1977) 68 Cal.App.3d 372, 382 [137 Cal.Rptr. 332], and *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 794 [149 Cal.Rptr. 499], which they assert hold that "failure to comply with discovery orders which result in sanctions and the resulting dismissal of the underlying lawsuit is a favorable termination for the purpose of pleading the essential allegations for the tort of malicious prosecution."

We disagree. Neither involves a suit for malicious prosecution. *Kahn* held that a dismissal as the ultimate sanction for the failure to make discovery is res judicata as between the same parties on the same subject matter. The *Deyo* case addresses the power of the trial court to strike defendant's answer for failure to comply with the court's discovery orders.

The fact that each of the cited cases held in effect that a dismissal of an action as a sanction for failure to make discovery is a disposition on the merits for res judicata purposes, does not mean that it is a favorable termination reflecting the opinion of the court that the purportedly maliciously prosecuted action lacked merit. In *Lackner v. La Croix* (1979) 25 Cal.3d 747 [159 Cal.Rptr. 693, 602 P.2d 393], the Supreme Court held that a dismissal of a prior action after the trier of fact determined that the complaint in that action had not been filed within the applicable statute of limitations period, did not constitute the type of termination required to satisfy the "favorable termination" element of a cause of action for malicious prosecution. The *Lackner* court made clear that the termination

of an action by reason of such a technical or procedural defense does not reflect on the innocence or responsibility of the party accused of the malicious prosecution.

Nor does *Lumpkin v. Friedman* (1982) 131 Cal.App.3d 450 [182 Cal.Rptr. 378], aid appellants. In that case a demurrer to the complaint for malicious prosecution was sustained after the court took judicial notice that the prior action had been terminated in favor of the defendant therein upon the failure of the plaintiff to comply with the economical litigation discovery requirements of Code of Civil Procedure section 1823 et seq. after an actual trial. (*Id.,* at p. 454.) However, in that case the appellate court observed that "[t]he record shows that witnesses were sworn, exhibits were marked for identification and testimony was taken from Lumpkin. Apparently Friedman did not offer, as he could have, any testimony or exhibits by way of impeachment of Lumpkin's testimony. Nor does the record show that he sought any relief from the sanctions even though the trial court was authorized by the statute and the rule to grant relief upon a proper showing. *A final judgment was entered on the basis of the evidence presented.* " (Italics in original.) (*Id.,* at p. 455.)

The *Lumpkin* court discussed the effect of imposing the sanction of barring testimony or dismissing the complaint of a party who refuses to be deposed or to respond to interrogatories (Code Civ. Proc., § 2034 subd. (d)) and compared and equated it to the situation where a party simply fails to appear or press his case. (*Minasian v. Sapse* (1978) 80 Cal.App.3d 823, 827 [145 Cal.Rptr. 829].) That obiter dictum in the *Lumpkin* case, not necessary to its decision, is not binding on us as it came after a plenary trial and a judgment rendered after that trial.

In the case at bench, on the other hand, the judgment (order of dismissal) followed the trial court's having sustained the demurrer to the complaint. According to that complaint the prior malpractice action was dismissed "because the Plaintiff CHUNG . . . refused to cooperate with her attorney in pursuing the lawsuit . . . and refused to answer interrogatories that were duly served . . . and refused to appear for a deposition."

We conclude that that did not constitute the allegation of a favorable termination of the prior action as it did not reflect the innocence of appellants or the lack of merits of the action.

At most, the dismissal of Chung's malpractice action as a result of her conduct could be treated as a concession on her part that her action lacked merit in her opinion. There was no such allegation of a similar concession

by her respondent attorney or of facts constituting an allegation of lack of probable cause on his part.

■ Appellants' unstated but assumed argument of joint liability of attorney and client for the conduct of each other where both are joined as defendants in a malicious prosecution action itself lacks merit. "Granted that for some purposes an attorney is treated as the agent of his client so that his conduct is imputed to his client (see 1 Witkin, Cal. Procedure (2d ed.) Attorneys, § 107 et seq.), the client is not the agent of his attorney. Thus, if the client is guilty of misfeasance in failure to disclose all facts relevant to probable cause to his attorney or malfeasance in a false recitation, the dereliction is not imputable to counsel." (*Tool Research & Engineering Corp.* v. *Henigson* (1975) 46 Cal.App.3d 675, 682 [120 Cal.Rptr. 291].)

*Minasian* v. *Sapse*, 80 Cal.App.3d 823, 827, holds that a dismissal for failure to prosecute under Code of Civil Procedure section 583, subdivision (a) "does reflect on the merits of the action, and that reflection is favorable to the defendant in the action [arising as it does] from the natural assumption that one does not simply abandon a meritorious action once instituted." That rule should not be extended to make every lawyer who files an action on behalf of a client the insurer of his client's adversary in that action. (See *Tool Research & Engineering Corp.* v. *Henigson supra*, 46 Cal.App.3d at pp. 683-684.)

It would be beyond law or reason to conclude that an attorney who in good faith files and diligently prosecutes an action could later be held liable for malicious prosecution solely because that attorney's client later unilaterally, and for reasons known only to herself, refuses to make discovery. We decline to do so.

It would be even more monstrous to conclude that liability could attach to an attorney because of the pleading in the malicious prosecution complaint, that Mrs. Chung's daughter allegedly told Dr. Zeavin that Mrs. Chung had told her to tell the attorneys to "drop" or dismiss the lawsuit and that the daughter had told Dr. Zeavin she had done so. That allegation added nothing to the purported causes of action for malicious prosecution.

Even assuming arguendo that rather than pleading the foregoing, appellants had pleaded that at Mrs. Chung's direction her daughter had orally told respondent that her mother, then situated in Mexico, wanted him to "drop" or dismiss the malpractice case, respondent's attorney obviously could not have done so on that mere oral representation by the daughter without exposing himself to serious charges of legal malpractice by his client.

While it may sometimes be proper to hold that a prior action was unfavorably terminated against a party solely because of her conduct in refusing to cooperate or make discovery or by reason of her unilateral abandonment of that action, the attorney is not the insurer of his client's conduct, and the law wisely places no such burden on that party's *attorney* solely by reason of his client's conduct in that regard.

We conclude that the complaint did not plead a favorable termination of the action upon which an action for malicious prosecution could be predicated against respondent Lee. Nor could appellants have benefited by being granted leave to amend. This is so because the manner in which the malpractice action actually terminated precluded any successful pleading of facts constituting a termination in favor of appellants against respondent Lee which reflected on the merits against him.

As such favorable termination of the prior civil proceeding is one of the three essential elements of a cause of action for malicious prosecution in this case and as we have held there was none such, we need not, and do not, discuss respondent's other contentions. The trial judge did not abuse her discretion.

The judgment is affirmed.

Kingsley, Acting P. J., and Tynan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 29, 1982.