[No. B087834. Second Dist., Div. Five. July 25, 1995.]

THOMAS M. EELLS, Plaintiff and Appellant, v.
SEYMOUR ROSENBLUM et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.C. and II.D.

1850

## COUNSEL

Thomas M. Eells, in pro. per., for Plaintiff and Appellant.

Larry E. Wasserman, in pro. per., and for Defendants and Respondents.

## OPINION

**GRIGNON, J.**—This action for malicious prosecution, abuse of process and intentional infliction of emotional distress had its genesis more than 15 years ago. It is the fourth in a series of related lawsuits. Appellant Thomas M. Eells appeals from a judgment of dismissal entered upon the sustaining of a demurrer without leave to amend in favor of respondents Seymour Rosenblum,[1] Crest Auto Insurance Brokers and Attorney Larry E. Wasserman. In the published portion of this opinion, we conclude the underlying lawsuit was not favorably terminated on the merits. In the unpublished portion of this opinion, we conclude causes of action for intentional infliction of emotional distress and abuse of process cannot be stated. We affirm.

I.

### PROCEDURAL BACKGROUND

*Case No. 1 (C366339)*

In 1979, Ira Washington was involved in a motor vehicle accident. When Washington's insurer failed to pay for the repairs to his car, the repair shop obtained a small claims judgment against Washington. Washington, represented by Attorney Wasserman, then sued the insurer and appellant, an independent claims adjuster, for bad faith insurance practices. The insurer cross-complained against appellant for indemnity. Washington settled with the insurer; judgment on the cross-complaint was entered in favor of the insurer against appellant in the amount of $11,500. This judgment was affirmed on appeal.

---

[1]Rosenblum's wife, Sharon Rosenblum, is also a respondent.

*Case No. 2 (C642414)*

Appellant sued Washington, Crest Auto (the insurance broker), Rosenblum (the president of Crest Auto), an employee of Crest Auto and Attorney Wasserman and the law firm which employed him, alleging they had conspired to create Washington's bad faith insurance action against him (case No. 1). Washington and Attorney Wasserman and his law firm moved for summary judgment. The motion was granted and the resulting judgment was affirmed on appeal. The matter proceeded to trial against Crest Auto, Rosenblum and the Crest Auto employee. A nonsuit was granted as to each cause of action, except the breach of contract cause of action against Crest Auto. The jury awarded $75,000 to appellant against Crest Auto. The trial court granted Crest Auto's motion for judgment notwithstanding the verdict. Appellant appealed. Before the record could be prepared, the court reporter died and the trial judge retired; hence no record on appeal could be produced. Accordingly, the appellate court remanded the matter for a new trial. Upon remand, Attorney Wasserman's motion for summary judgment on behalf of Crest Auto, Rosenblum and the Crest Auto employee was granted. Judgment against appellant was entered on September 15, 1993. Appellant appealed from the judgment.[2]

*Case No. 3 (BC101958)*

On April 1, 1994, Attorney Wasserman, on behalf of Rosenblum and Crest Auto, sued appellant for malicious prosecution based upon the filing of case No. 2. On April 13, 1994, appellant demurred and requested sanctions. He asserted the complaint in Case No. 3 was premature as Case No. 2 was still pending on appeal. After reviewing the demurrer, Attorney Wasserman wrote a letter to appellant. The April 18, 1994, letter stated that Attorney Wasserman had reviewed the case law furnished by appellant and was willing to voluntarily dismiss the matter or to enter into a stipulation to stay the action until the appeal was resolved. "I . . . agree with you that the action is premature because of the filing of your appeal. I innocently and incorrectly believed that the filing of your appeal did not toll the statute of limitations based upon recent case authority that held that legal malpractice actions were not tol[led] by the filing of an appeal even though the appeal may moot the malpractice claim.[3] I further recall reading an excerpt from a case in the Daily Journal which had indicated that an appeal did not toll the statute of limitations in a malicious prosecution action. Upon researching the issue after receipt of your demurrer, I have ascertained that [the] case in

---

[2]Division Four of this appellate district affirmed the judgment on March 21, 1995.
[3]*Laird* v. *Blacker* (1992) 2 Cal.4th 606 [7 Cal.Rptr.2d 550, 828 P.2d 691].

question (*Feld*)[4] held that the time in which an appeal may be filed does not toll the statute of limitations. However, once the appeal is filed the statute is thereafter tolled." Attorney Wasserman, on behalf of Rosenblum and Crest Auto, voluntarily dismissed Case No. 3 without prejudice on April 19, 1994. Appellant insisted upon continuing with his demurrer and request for sanctions, even though the case had been voluntarily dismissed. The trial court took the demurrer off calendar and denied appellant's request for sanctions.

### Case No. 4 (BC105569)—The Instant Action

Appellant filed the instant action against respondents. Appellant alleged causes of action for malicious prosecution, abuse of process and intentional infliction of emotional distress. As to the malicious prosecution cause of action, appellant alleged the voluntary dismissal without prejudice of Case No. 3 constituted a termination in his favor on the merits. Appellant asserted Case No. 3 had been filed prematurely because the appeal from Case No. 2 had still been pending. Appellant alleged prematurity was not a technical defect, and thus, the case had been dismissed on substantive, not procedural, grounds. He further alleged that the dismissal of the action had been an acknowledgment that respondents could not succeed on the merits. Appellant attached to his complaint Attorney Wasserman's April 18, 1994, letter.[5]

Respondents filed a demurrer, along with a request that the trial court take judicial notice of documents from Cases No. 2 and No. 3.[6] Respondents argued the malicious prosecution cause of action could not be maintained because the termination of Case No. 3 had not been on the merits.

The trial court sustained the demurrer without leave to amend. On the cause of action for malicious prosecution, the trial court concluded Case No. 3 had not terminated in appellant's favor because it had been voluntarily dismissed upon a technical defect.

Appellant appeals.

## II.

### DISCUSSION

#### A. Standard of Review

■ "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as

---

[4]*Feld* v. *Western Land & Development Co.* (1992) 2 Cal.App.4th 1328 [4 Cal.Rptr.2d 23].

[5]Appellant attached the first page of the letter. In subsequent papers, respondents submitted to the trial court the entire three-page letter.

[6]This was the second demurrer filed after appellant had filed an amended complaint.

admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.'" (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) "Both trial and appellate courts may properly take judicial notice of a party's earlier pleadings and positions as well as established facts from both the same case and other cases." (*Cantu* v. *Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877 [6 Cal.Rptr.2d 151], italics omitted.) "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank* v. *Kirwan, supra*, 39 Cal.3d at p. 318.)

## B. *Malicious Prosecution*

■ "[I]n order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations].'" (*Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 871 [254 Cal.Rptr. 336, 765 P.2d 498]; accord, *Crowley* v. *Katleman* (1994) 8 Cal.4th 666, 676 [34 Cal.Rptr.2d 386, 881 P.2d 1083].) ■ In this case, we are concerned with only the favorable termination element of malicious prosecution.

■ " 'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution].' [Citations.] [¶] It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must *reflect* on the merits of the underlying action. [¶] It is apparent 'favorable' termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for

the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution." (*Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 750-751 [159 Cal.Rptr. 693, 602 P.2d 393], italics in original, fn. omitted.)

The key is whether the termination reflects on the underlying defendant's innocence. (*Lackner* v. *LaCroix, supra,* 25 Cal.3d at p. 750; *Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775]; *Warren* v. *Wasserman, Comden & Casselman* (1990) 220 Cal.App.3d 1297, 1301 [271 Cal.Rptr. 579].) If the resolution of the underlying litigation "leaves some doubt as to the defendant's innocence or liability[, it] is *not* a favorable termination, and bars that party from bringing a malicious prosecution action against the underlying plaintiff." (*Villa* v. *Cole* (1992) 4 Cal.App.4th 1327, 1335 [6 Cal.Rptr.2d 644], italics in original.) " 'A termination [by dismissal] is favorable when it reflects "the opinion of someone, either the trial court or the prosecuting party, that the action lacked merit or if pursued would result in a decision in favor of the defendant." ' [Citation.] [¶] . . . The focus is not on the malicious prosecution plaintiff's opinion of his *innocence,* but on the opinion of the dismissing party." (*Cantu* v. *Resolution Trust Corp., supra,* 4 Cal.App.4th at p. 881, italics in original.) "The test is whether or not the termination tends to indicate the innocence of the defendant or simply involves technical, procedural or other reasons that are not inconsistent with the defendant's guilt." (*Ibid.;* accord, *Stanley* v. *Superior Court* (1982) 130 Cal.App.3d 460, 464-465 [181 Cal.Rptr. 878].)

A voluntary dismissal may be an implicit concession that the dismissing party cannot maintain the action and may constitute a decision on the merits. (E.g., *MacDonald* v. *Joslyn* (1969) 275 Cal.App.2d 282, 289 [79 Cal.Rptr. 707, 35 A.L.R. 641]; cf. *Minasian* v. *Sapse* (1978) 80 Cal.App.3d 823, 827-828 [145 Cal.Rptr. 829].) "It is not enough, however, merely to show that the proceeding was dismissed." (*Jaffe* v. *Stone, supra,* 18 Cal.2d at p. 150.) The reasons for the dismissal of the action must be examined to determine whether the termination reflected on the merits. (*Oprian* v. *Goldrich, Kest & Associates* (1990) 220 Cal.App.3d 337, 343 [269 Cal.Rptr. 429]; *Lumpkin* v. *Friedman* (1982) 131 Cal.App.3d 450, 455 [182 Cal.Rptr. 378]; *Kennedy* v. *Byrum* (1962) 201 Cal.App.2d 474 [20 Cal.Rptr. 98].)

Examples of technical or procedural reasons for terminating an action include abandonment of "the proceeding because of the defects in the complaint, or doubts as to the jurisdiction of the offense, with the intention of bringing a new proceeding in proper form or before a proper court." (*Jaffe* v. *Stone, supra,* 18 Cal.2d at pp. 150-151.) Additionally, termination of an action on the ground of a statute of limitations defense is deemed a technical

or procedural, as distinguished from a substantive termination. (*Lackner* v. *LaCroix*, *supra*, 25 Cal.3d at p. 751.)

The complaint in the instant action can be interpreted in only one way. Appellant alleged in his complaint that the reason Attorney Wasserman voluntarily dismissed case No. 3 was because he learned it was premature. Thus, no assumptions need be made in order to evaluate the reasons for the voluntary dismissal. (Compare with *Minasian* v. *Sapse*, *supra*, 80 Cal.App.3d 823; *Lumpkin* v. *Friedman*, *supra*, 131 Cal.App.3d 450.) Respondents chose not to proceed with case No. 3 solely because of a technical defect—the pending appeal of case No. 2. Like dismissals based upon the statute of limitations or jurisdictional defects, the dismissal here was based solely upon procedural grounds. It did not reflect on the substantive merits. When Attorney Wasserman filed the complaint in case No. 3, he did so only because he misunderstood the effect of the pending appeal in case No. 2. He filed the complaint in case No. 3 in order to prevent a statute of limitations defense. When he dismissed the complaint in case No. 3, he did so only because the procedural posture of the case prevented him from going forward. The dismissal did not reflect on the merits of the action. Thus, the favorable termination element of appellant's malicious prosecution cause of action in the instant case was not pleaded. Accordingly, appellant failed to allege a cause of action for malicious prosecution.

C., D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.

### DISPOSITION

The judgment of dismissal is affirmed. Costs on appeal are awarded to respondents.

Turner, P. J., and Armstrong, J., concurred.

A petition for a rehearing was denied August 8, 1995, and appellant's petition for review by the Supreme Court was denied November 16, 1995.

---

*See footnote, *ante*, page 1848.