[No. B107591. Second Dist., Div. Six. Feb. 19, 1998.]

HENRY A. PATTIZ, Plaintiff and Appellant, v.
HELEN MINYE et al., Defendants and Respondents.

## COUNSEL

Peter M. Winkelman for Plaintiff and Appellant.

Early, Maslach, Price & Baukol, James Grafton Randall, Greines, Martin, Stein & Richland, Robert A. Olson, Alan Diamond, Haight, Brown & Bonesteel, Barry Z. Brodsky, Thomas N. Charchut and Jodi L. Girten for Defendants and Respondents.

## OPINION

**GILBERT, J.**—Does the dismissal of an action for failure to comply with discovery orders constitute a favorable termination that may give rise to a malicious prosecution action?

No, not if there is a doubt as to the liability or innocence of the prevailing party in the action that was dismissed.

Henry A. Pattiz appeals a summary judgment in favor of defendants Helen Minye and Attorneys Timothy S. Harris and Maureen A. O'Brien. We affirm. As a matter of law Pattiz cannot establish an action for malicious prosecution.

## FACTS

In September 1987, Helen Minye sought legal services from Attorney Henry A. Pattiz. Minye's husband, John, suffered from a fatal illness and the Minyes' financial affairs were, by Pattiz's description, in "shambles." During September and October 1987, Pattiz performed estate planning for the Minyes. John died on October 2, 1987.

Pattiz billed Minye $29,212 for his legal services. She paid this amount but on October 9, 1987, requested that he "stop further work" because she believed that his fees were "exorbitant" and "shocking." Pattiz ceased his endeavors and sent Minye a final bill for $6,629, consisting of unbilled legal services, costs, and expenses.

Minye did not pay Pattiz the final amount due. On December 7, 1988, he brought an action against her, individually and as trustee of the Minye family trust, in Los Angeles County Municipal Court. (Pattiz v. Minye (Mun. Ct. L.A. County, 1988, No. 88C03813).)[1] Pattiz sought his unpaid attorney's fees and expenses, with interest and costs of suit.

Minye responded with a cross-complaint against Pattiz for breach of fiduciary duty and recovery of money paid by mistake. Minye alleged that the attorney's fees that she paid were "unconscionable" and "overstate[d]."

[1]As did the trial court, we take judicial notice of pleadings, minute orders, and declarations concerning discovery motions contained in the municipal court file. (Evid. Code, §§ 452, 459.)

During discovery, Pattiz sought production of the Minye family financial records and other documents related to his legal services. The prior year Pattiz had returned the family financial records and related documents to Minye in a file storage box. Pattiz declared the papers within the box were labeled, indexed, and "neatly organized" when he returned them.

When Minye produced the file storage box during discovery, Pattiz found the papers within were "in near complete disarray," and some had "simply vanished." In response to Pattiz's objections, Minye declared that she had never seen the missing documents and did not know their whereabouts. Minye's adult daughter declared that her mother did not read English and that neither she nor any other family member "tampered with the file[s]" or removed any documents.

Maureen O'Brien, an attorney representing Minye in the litigation, declared that she removed certain papers from the storage box. She believed that the papers that she removed were irrelevant or privileged. When Pattiz protested, O'Brien offered to produce the missing records, but Pattiz refused her offer.

There was also a second discovery dispute over the deposition of Minye's adult daughter, Valerie. During her lengthy deposition, Valerie claimed illness and refused to be deposed further. (Valerie was not a party in the municipal court action.) Pattiz did depose Minye and her adult son, Laszlo.

The Los Angeles County Municipal Court resolved the discovery disputes by dismissing Minye's cross-complaint on March 4, 1993. The court ruled: "The cross-complaint is dismissed[.] The court finds that the actions of defendant cross-complainant were egregious & a misuse of discovery process by failing to even minimally comply with the court[']s . . . orders compelling discovery."

Pattiz proceeded to trial in municipal court in his action for unpaid attorney's fees and expenses. He received a judgment against Minye for $6,629, plus interest and costs.

On April 7, 1995, Pattiz brought an action for malicious prosecution against Minye, her two adult children, and her former attorneys, Timothy S. Harris and Maureen A. O'Brien. Pattiz alleged that Minye acted with malice and without probable cause in prosecuting her cross-complaint. He also alleged that the municipal court's dismissal of the cross-complaint was "a favorable termination" to him, an essential element of the tort of malicious prosecution. (*Lumpkin* v. *Friedman* (1982) 131 Cal.App.3d 450 [182 Cal.Rptr. 378].)

Minye and her attorneys brought a motion for summary judgment, contending that, as a matter of law, dismissal of the cross-complaint as a discovery sanction was not "a favorable termination." They relied upon *De La Pena* v. *Wolfe* (1986) 177 Cal.App.3d 481 [223 Cal.Rptr. 325] and *Zeavin* v. *Lee* (1982) 136 Cal.App.3d 766 [186 Cal.Rptr. 545]. The trial court agreed that dismissal of Minye's cross-complaint "did not reflect on its merits." It then entered summary judgment for Minye and her former attorneys.

Pattiz appeals and contends that he received a favorable termination of the cross-complaint when the municipal court dismissed the cross-complaint as a discovery sanction. Pattiz concedes the factual circumstances are undisputed and the issue is one of law. (*Schrader* v. *Scott* (1992) 8 Cal.App.4th 1679, 1684 [11 Cal.Rptr.2d 433] [the legal effect and significance of undisputed facts is "a pure matter of law"].)

### DISCUSSION

█ Specifically, Pattiz argues that favorable termination of an action may occur short of a trial on the merits. (E.g., *Minasian* v. *Sapse* (1978) 80 Cal.App.3d 823, 827-828 [145 Cal.Rptr. 829] [dismissal for failure to prosecute reflects upon the merits of an action because "one does not simply abandon a meritorious action"]; *Wroten* v. *Lenske* (1992) 114 Or.App. 305, 308 [835 P.2d 931, 933] [favorable termination where plaintiff fails to participate in mandatory arbitration]; *Nagy* v. *McBurney* (1978) 120 R.I. 925, 932 [392 A.2d 365, 368-369] [favorable termination where action dismissed due to failure to file bill of particulars].) He reasons that Minye's failure to comply with discovery orders is a concession that her cross-complaint lacked merit. (*Lumpkin* v. *Friedman, supra,* 131 Cal.App.3d 450, 454 ["failure of the plaintiff to press his cause" evidences his opinion that the cause lacks merit].) Pattiz also claims that Minye's act of "removing and destroying" family financial records was a deliberate tactic to prevent his defense to the cross-complaint.

█ In reviewing an order granting summary judgment, the appellate court examines the facts presented to the trial court and independently determines their effect. (*Pender* v. *Radin* (1994) 23 Cal.App.4th 1807, 1813 [29 Cal.Rptr.2d 36].)

█ To establish a cause of action for the tort of malicious prosecution, plaintiff must show the prior action was commenced by or at defendant's direction and pursued to a termination in plaintiff's favor, it was brought without probable cause, and it was initiated with malice. (*Pender* v. *Radin, supra,* 23 Cal.App.4th 1807, 1813.) The trial court may grant a motion for

summary judgment if plaintiff cannot establish an element of the tort. (*Id.*, at pp. 1813-1814.)

The element of "favorable termination" requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct. (*Pender v. Radin, supra,* 23 Cal.App.4th 1807, 1814.) " 'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused . . . .' [Citation.]" (*Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 750 [159 Cal.Rptr. 693, 602 P.2d 393].) "Where a proceeding is terminated other than on the merits, the reasons underlying the termination must be examined to see if the termination reflects the opinion of either the court or the prosecuting party that the action would not succeed." (*Pender, supra,* at p. 1814.)

Thus plaintiff must establish more than that he prevailed in the underlying action. (*Robbins* v. *Blecher* (1997) 52 Cal.App.4th 886, 893 [60 Cal.Rptr.2d 815].) He must prove a termination that reflects on his innocence. (*Ibid.*) If the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution. (*Eells* v. *Rosenblum* (1995) 36 Cal.App.4th 1848, 1855 [43 Cal.Rptr.2d 323].)

The "carefully circumscribed" elements of the tort of malicious prosecution allow litigants with potentially valid claims to institute legal proceedings without fear of subsequent malicious prosecution lawsuits. (*Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 872 [254 Cal.Rptr. 336, 765 P.2d 498].) "[C]ourts have long recognized that the tort has the potential to impose an undue 'chilling effect' on the ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court, and, as a consequence, the tort has traditionally been regarded as a disfavored cause of action." (*Ibid.*)

The trial court properly granted summary judgment because Pattiz cannot establish that he obtained a favorable termination of the cross-action. (Code Civ. Proc., § 437c, subd. (c) [summary judgment proper if no triable issue of material fact and moving party entitled to judgment as a matter of law].) The dismissal due to Minye's failure to comply with discovery orders "did not reflect the innocence of [Pattiz] or the lack of merits of the action." (*Zeavin* v. *Lee, supra,* 136 Cal.App.3d 766, 771 [no favorable termination where action dismissed because plaintiff failed to comply with discovery].) The declarations submitted by Minye, her daughter, and her attorney in the municipal court reflect that Minye did not abandon the action or refuse to cooperate in discovery. Moreover, it would be unfair to ascribe a lack of

cooperation by Minye to her daughter's act of refusing further deposition due to illness. The factual showing by declarations negates an inference that Minye's failure to comply with discovery was a concession that her cross-complaint lacked merit.

Pattiz also cannot establish a favorable termination of the cross-complaint concerning Minye's attorneys. The malfeasance or dereliction of a client is not imputed to his or her attorney. (*Zeavin* v. *Lee, supra,* 136 Cal.App.3d 766, 772.) "While it may sometimes be proper to hold that a prior action was unfavorably terminated against a party solely because of her conduct in refusing to cooperate or make discovery or by reason of her unilateral abandonment of that action, the attorney is not the insurer of his client's conduct, and the law wisely places no such burden on that party's *attorney* solely by reason of his client's conduct in that regard." (*Id.,* at p. 773; also *De La Pena* v. *Wolfe, supra,* 177 Cal.App.3d 481, 484-485 [plaintiff's failure to answer interrogatories not imputed to its attorney who later became attorney of record].) Attorney O'Brien declared that she offered to produce the documents she removed but Pattiz refused her offer.

We disagree that the municipal court expressly found or reasonably inferred that Minye destroyed documents to prevent Pattiz's defense to the cross-complaint. The discovery ruling stated only that Minye misused the discovery process and "egregious[ly]" failed to comply with court-ordered discovery. The ruling made no express findings concerning the merits of the cross-complaint.

*Lumpkin* v. *Friedman, supra,* 131 Cal.App.3d 450, is distinguishable. *Lumpkin* concerned an attorney's collection action against his former client. At trial, the court prevented the attorney from presenting evidence, other than the testimony of his former client, because the attorney failed to comply with certain discovery requirements. (*Id.,* at p. 452.) The trial proceeded with exhibits and testimony from Lumpkin, the client. (*Id.,* at p. 455.) The court then entered judgment for the client "*on the basis of the evidence presented.*" (*Ibid.*)

The client later sued her former attorney for malicious prosecution. The trial court sustained the attorney's demurrer for failure to plead a favorable termination. The reviewing court reversed the judgment and held that the client sufficiently pleaded favorable termination. In dictum, the court held: "A plaintiff who neglects to produce essential evidence, subpoena necessary witnesses or present evidence in a proper form and thereby suffers a judgment against him cannot be heard to claim that he lost on purely technical grounds." (*Lumpkin* v. *Friedman, supra,* 131 Cal.App.3d 450, 455.)

This dictum is as unpersuasive to us as it was to the *Zeavin* court. (*Zeavin* v. *Lee, supra,* 136 Cal.App.3d 766, 771.) It has no application here and we decline to follow it.

The judgment is affirmed. Pattiz shall bear costs on appeal.

Stone (S. J.), P. J., and Yegan, J., concurred.