NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL NEADERBAOMER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant - Appellee. | No. 24-5906<br><br>D.C. No.<br>2:20-cv-07888-JWH-AS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted November 21, 2025**
Pasadena, California

Before: CLIFTON, BYBEE, and DE ALBA, Circuit Judges.

Appellant Michael Neaderbaomer appeals the district court's order granting

the Government's motion for summary judgment and dismissing Appellant's

complaint with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we

review a grant of summary judgment de novo. *Suzuki Motor Corp. v. Consumers*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003). For the reasons discussed below, we affirm.

1.     The district court properly granted summary judgment on Appellant's false arrest and false imprisonment claims. Under California law,[1] "'[f]alse arrest' and 'false imprisonment' are not separate torts. False arrest is but one way of committing a false imprisonment . . . ." *Asgari v. City of L.A.*, 15 Cal. 4th 744, 752 n.3 (1997) (quoting *Collins v. City & Cnty. of S.F.*, 50 Cal. App. 3d 671, 673 (1975)). Here, Appellant was arrested the day after being indicted by a grand jury pursuant to a warrant and was brought before a magistrate the same day. The undisputed evidence does not demonstrate any fraud or fabrication associated with this arrest. As a result, Appellant's arrest occurred *with* legal process, and any claim he might have sounds only in malicious prosecution. *See Scannell v. Cnty. of Riverside*, 152 Cal. App. 3d 596, 608 (1984) ("[E]ven though the arrest and imprisonment may have been malicious and constituted malicious prosecution, the conduct did not amount to false imprisonment because the arrest was accomplished by a legal warrant and thus under due form of law and color of authority."); *Asgari*, 15 Cal. 4th at 757 ("False arrest or imprisonment and malicious prosecution are mutually inconsistent concepts." (citation omitted)).

---

[1] The district court determined, and the parties did not argue otherwise, that Appellant's FTCA claims against the Government are governed by California law pursuant to 28 U.S.C. § 2674.

2.     The district court properly granted summary judgment on Appellant's malicious prosecution claim.  Whereas a false imprisonment claim requires "an arrest *without legal process*," a malicious prosecution claim requires "the prosecution of another *under lawful process*, but from malicious motives and without probable cause."  *Cox v. Griffin*, 34 Cal. App. 5th 440, 448 (2019) (emphasis added).  To bring a successful claim for malicious prosecution under California law, a plaintiff must prove that the prior action "was pursued to a legal termination in [the plaintiff's] favor."  *Zamos v. Stroud*, 32 Cal. 4th 958, 965 (2004) (citation omitted).  "When litigation is terminated by agreement 'there is ambiguity with respect to the merits of the proceeding and in general no favorable termination for purposes of pursuing a malicious prosecution action occurs.'" *Citizens of Humanity, LLC v. Ramirez*, 63 Cal. App. 5th 117, 129 (2021) (citation omitted).

Here, the record indicates that the circumstances of termination were, at best, ambiguous as to the Government's view of Appellant's innocence and thus not "favorable" as a matter of law.  *See Pattiz v. Minye*, 61 Cal. App. 4th 822, 827 (1998) ("If the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution.").  The underlying criminal action did not terminate because of a full acquittal—rather, after a mixed verdict, the parties

negotiated an agreement under which Appellant delivered an on-record, scripted apology and, in return, the Government dismissed the two hung counts without prejudice. And in general, "a dismissal resulting from a settlement does not constitute a favorable determination because . . . the dismissal reflects ambiguously on the merits of the action as it results from the joint action of the parties, thus leaving open the question of defendant's guilt or innocence." *Dalany v. Am. Pac. Holding Corp.*, 42 Cal. App. 4th 822, 827 (1996) (citations omitted). Appellant's arguments that the district court erred in ignoring evidence of his innocence and of the alleged absence of probable cause are irrelevant because Appellant "confuses the elements of probable cause and favorable termination." *Crowley v. Katleman*, 8 Cal. 4th 666, 686 (1994) (citation omitted). Because the underlying criminal action terminated as "the result of a negotiated or pragmatic disposition," *People v. Matthews*, 7 Cal.App.4th 1052, 1056 (1992), it did not terminate in Appellant's favor, and the district court's grant of summary judgment on the malicious prosecution claim was proper.

3. The district court properly granted summary judgment on Appellant's intentional infliction of emotional distress (IIED) claim. Appellant was arrested pursuant to a warrant that was lawful on its face; all the facts going to Appellant's IIED claim make up his malicious prosecution claim; and California law does not recognize a freestanding IIED cause of action for the initiation or conduct of

litigation.  There is thus no "basis for [Appellant's] assertion that initiating a lawsuit can give rise to a cause of action for intentional infliction of emotional distress.  The allegedly improper filing of a lawsuit is redressable only in a cause of action for malicious prosecution." *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992).

**AFFIRMED.**