2008 UT App 375

**Michael Reid NIELSEN, Plaintiff and Appellee,**

v.

**Lorenzo M. SPENCER, Defendant and Appellant.**

No. 20070431–CA.

Court of Appeals of Utah.

Oct. 23, 2008.

Budge W. Call, Salt Lake City, for Appellant.

C. Richard Henriksen Jr., Robert M. Henriksen, and Jonathan G. Winn, Salt Lake City, for Appellee.

Before Judges GREENWOOD, THORNE, and McHUGH.

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 Lorenzo M. Spencer appeals from a jury verdict against him and in favor of Michael Reid Nielsen on Nielsen's claims for wrongful use of civil proceedings and abuse of process. We affirm the judgment below but reverse the district court's award of prejudgment interest.

## BACKGROUND

¶ 2 Spencer married his wife, Jewelya, on September 30, 1981. In 1988, Jewelya renewed an intimate relationship with Nielsen, whom she had dated in high school. This relationship resulted in Jewelya giving birth to twin girls. Jewelya always suspected that Nielsen was the father of the twins, but she did not tell Spencer about the affair or Nielsen's possible paternity until the twins were eighteen months old. Six months later, Nielsen's paternity of the twins was verified by blood test. Spencer and Jewelya's marriage continued, as did Jewelya's relationship with Nielsen. A paternity suit against Nielsen was eventually settled, with Nielsen agreeing to pay support for the twins.

¶ 3 Sometime after the birth of the twins, Spencer and Jewelya were sued for alienation of affections by the husband of a woman with whom Spencer was alleged to have had a sexual encounter. That lawsuit was

settled. In late 1995, Nielsen and Jewelya spent two days together in California. Shortly thereafter, in January 1996, Jewelya and Spencer separated, and in March 1996 Jewelya filed for divorce.

¶ 4 In May 1996, Spencer sued Nielsen for alienation of affections.[1] The district court dismissed Spencer's action as a discovery sanction on April 3, 2001. The district court's order of dismissal stated that "this is a unique case in which [Spencer's] conduct in failing to fully respond to discovery has been egregious." The court's lengthy order went on to document several years' worth of Spencer's failure to comply with discovery orders, noting that there had been three prior hearings on the subject. The court concluded that Spencer's actions warranted dismissal of his alienation of affections claim, stating that "[Spencer's] behavior and conduct was willful, was in bad faith, and was the fault of [Spencer] and that [Spencer] engaged in persistent and dilatory tactics intending to frustrate the judicial process."

¶ 5 Nielsen then sued Spencer for wrongful use of civil proceedings and abuse of process, filing his complaint on December 18, 2001. Nielsen claimed that Spencer's alienation of affections claim was brought without probable cause and that Spencer's discovery tactics represented an abuse of process. As damages, Nielsen sought his attorney fees from both lawsuits, lost earnings and benefits, loss of employment, mental pain and suffering, other damages subject to being proved at trial, and punitive damages. Nielsen did not specifically claim that his attorney fees from the prior suit constituted special damages subject to an award of prejudgment interest.

¶ 6 A three-day jury trial was held in June 2006. Extensive testimony was offered as to the status of Spencer and Jewelya's relationship as it evolved over time, and Nielsen's involvement with Jewelya. Nielsen testified to various allegedly improper litigation tactics employed by Spencer during the alienation of affections suit, including attempting to take the depositions of Nielsen's wife and mother, intentionally causing crucial evidence to be lost, designating multiple unnecessary witnesses, and generally causing delay and unnecessary defense expenses for Nielsen. Nielsen also testified to $178,960 in total damages, alleging $15,960 in lost earnings, $95,000 in attorney fees incurred in defending Spencer's prior suit, and $86,000 in fees incurred in prosecuting the present action.

¶ 7 Nielsen's claims were submitted to the jury. The district court instructed the jury that Nielsen's wrongful use of civil proceedings claim would be established if the jury found by a preponderance of the evidence that (1) Spencer had brought a civil suit against Nielsen without a reasonable belief that he would prevail, i.e., without a reasonable belief in the existence of the facts upon which the suit was based or a reasonable belief that the facts may warrant relief under the law; (2) Spencer commenced or continued the suit for the primary purpose of harassment, annoyance, or malice or a primary purpose other than that of securing proper adjudication of the claim; and (3) Spencer's prior suit was terminated in Nielsen's favor. Nielsen's abuse of process claim was defined to the jury as Spencer using civil process for a purpose other than that for which it was intended. The jury was instructed that it could find such abuse of process by finding that Spencer had utilized one or more of the abusive litigation tactics described by Nielsen at trial.

¶ 8 The jury returned a verdict in favor of Nielsen on both claims, but it awarded damages only for Spencer's wrongful use of civil proceedings. The jury awarded damages in the amount of $95,000, with no punitive damages. Although the $95,000 award corresponded to the amount of attorney fees Nielsen had claimed in defending against Spencer's alienation suit, the special verdict form did not identify the source of the damages figure, nor did it classify the damages as general or special damages. Nevertheless, in its judgment on the verdict, the district court characterized the award as "special damages" and included

---

1. Spencer brought other claims against Nielsen that were dismissed by the trial court on other grounds and are not relevant to this appeal.

prejudgment interest on the award dating back to September 20, 2001.

¶ 9 When Spencer objected to the interest award, Nielsen argued that the $95,000 in damages represented his attorney fees from the prior lawsuit and were thus special damages entitling him to prejudgment interest dating back to the filing of Spencer's suit in 1996. After a hearing, the district court concluded that the $95,000 in damages represented Nielsen's claimed fees; that the damages constituted special damages under Utah Code section 78-27-44, *see* Utah Code Ann. § 78-27-44 (2002); that section 78-27-44 entitled Nielsen to prejudgment interest; and that interest should be awarded from the date of termination of Spencer's suit, April 3, 2001. The district court issued an amended judgment reflecting these rulings. Spencer now appeals from the district court's judgment.

## ISSUES AND STANDARDS OF REVIEW

¶ 10 Spencer makes various arguments that his prior alienation of affections suit against Nielsen cannot support a wrongful use of civil proceedings claim against him.[2] Spencer's arguments concerning the elements of the tort of wrongful use of civil proceedings present questions of law that we review for correctness. *See Dipoma v. McPhie*, 2000 UT App 130, ¶ 4, 1 P.3d 564. To the extent those arguments were not preserved below, Spencer argues that the district court's decisions constitute plain error or exceptional circumstances. *See generally Chapman v. Uintah County*, 2003 UT App 383, ¶ 10, 81 P.3d 761 (discussing preservation requirement). Spencer also argues that the jury erred when it determined that his prior suit was brought without probable cause and was dismissed in Nielsen's favor such that it would support Nielsen's wrongful use of civil proceedings claim. Challenges to the sufficiency of the evidence supporting a jury verdict will succeed only if the marshaled evidence demonstrates that the jury's decision is clearly erroneous. *See Martinez v. Wells*, 2004 UT App 43, ¶ 33, 88 P.3d 343.

¶ 11 Spencer also makes various challenges to the district court's award of prejudgment interest. " 'A trial court's decision to grant or deny prejudgment interest presents a question of law which we review for correctness.' " *Bennett v. Huish*, 2007 UT App 19, ¶ 11, 155 P.3d 917 (quoting *Smith v. Fairfax Realty, Inc.*, 2003 UT 41, ¶ 16, 82 P.3d 1064).

## ANALYSIS

### I. Wrongful Use of Civil Proceedings

¶ 12 Spencer raises four arguments challenging the jury's verdict finding him liable for wrongful use of civil proceedings. Two of these arguments present questions of law, as they ask us to interpret and apply the elements of the tort of wrongful use of civil proceedings. Specifically, Spencer argues that the questions of whether his prior lawsuit against Nielsen was brought without probable cause and whether Nielsen prevailed on the merits of that suit are questions of law that should have been resolved by the district court in Spencer's favor. Spencer also argues as a factual matter that even if these questions were proper jury questions, no reasonable jury could have resolved either question in Nielsen's favor.

### A. Nielsen's Claim Was Properly Submitted to the Jury

¶ 13 We begin our analysis by noting that Spencer correctly identifies two of the elements of a wrongful use of civil proceedings claim. The tort of wrongful use of civil proceedings is defined as follows:

"One who takes an active part in the initiation, continuation, or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if (a) he [or she] acts *without probable cause*, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and (b) except when they are ex parte, the proceedings *have*

---

**2.** Spencer also challenges the jury verdict by arguing that he did not commit the tort of abuse of process. However, as the jury awarded no damages under that claim, we do not address this argument.

*terminated in favor of the person against whom they are brought.*"

*Hatch v. Davis,* 2004 UT App 378, ¶ 22, 102 P.3d 774 (emphasis added) (alteration in original) (quoting *Gilbert v. Ince,* 1999 UT 65, ¶ 19, 981 P.2d 841);[3] *see also* Restatement (Second) of Torts § 674 (1977). For purposes of this tort, a person brings a suit with probable cause " 'if he [or she] reasonably believes in the existence of the facts upon which the claim is based, and . . . correctly or reasonably believes that under those facts the claim may be valid under the applicable law.' " *Gilbert,* 1999 UT 65, ¶ 19, 981 P.2d 841 (quoting Restatement (Second) of Torts § 675 (1977)). In addition, to support a wrongful use of civil proceedings claim, the termination of the underlying proceedings must be reflective of the *merits* of those proceedings. *See Hatch,* 2004 UT App 378, ¶ 23, 102 P.3d 774 (determining that a dismissal for lack of jurisdiction is neither on the merits nor reflective of the merits of a proceeding); *see also Lackner v. LaCroix,* 25 Cal.3d 747, 159 Cal.Rptr. 693, 602 P.2d 393, 394 (1979).

¶ 14 The district court instructed the jury on the elements of Nielsen's wrongful use of civil proceedings claim. Spencer specifically asks that we review the elements (1) requiring a lack of probable cause for Spencer's prior suit and (2) requiring that the prior suit had been terminated in Niel-

sen's favor. Spencer argues that neither of these elements should have been submitted to the jury and should instead have been decided by the court as a matter of law.[4] Spencer asserts that he preserved these claims of legal error during the jury instruction colloquy. However, we have reviewed the portions of the record identified by Spencer and can discern no point at which he argued that the questions of probable cause and termination should have been resolved by the district court rather than the jury.[5] Accordingly, these issues have not been preserved and can be reviewed only for plain error. *See Chapman,* 2003 UT App 383, ¶ 10, 81 P.3d 761; *see also 438 Main St. v. Easy Heat, Inc.,* 2004 UT 72, ¶ 51, 99 P.3d 801 (" 'In order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue.' " (alteration in original) (quoting *Brookside Mobile Home Park, Ltd. v. Peebles,* 2002 UT 48, ¶ 14, 48 P.3d 968)).[6] In order to obtain relief based on plain error, an appellant must establish that error exists, that the error should have been obvious to the trial court, and that the error harmed the appellant by depriving him or her of the reasonable probability of a more favorable outcome. *See Berkshires, LLC v. Sykes,* 2005 UT App 536, ¶ 21, 127 P.3d 1243 (listing the elements of plain error).

---

3. *Hatch v. Davis,* 2004 UT App 378, 102 P.3d 774, was affirmed in part, dismissed in part, and remanded in part by the Utah Supreme Court in *Hatch v. Davis,* 2006 UT 44, 147 P.3d 383. The subsequent supreme court opinion did not address or disturb this court's ruling on the tort of wrongful use of civil proceedings. *See Hatch,* 2006 UT 44, ¶ 6, 147 P.3d 383 ("Neither party sought certiorari review of any issue relating to [Davis's malicious prosecution claim]."). That portion of our previous opinion remains good law, and it is the only portion of our previous opinion that we cite to in this case. Accordingly, for ease of reading, we omit the subsequent case history from our citations to *Hatch v. Davis,* 2004 UT App 378, 102 P.3d 774, throughout this opinion.

4. Spencer correctly notes that the jury was instructed only that the prior suit must have been resolved in Nielsen's favor, without instruction that the termination must have been reflective of the merits of the suit. However, Spencer did not object to this instruction below, nor does he

argue that the instruction represents plain error or that there are other grounds upon which we should review it.

5. Spencer's objections below largely addressed the separate tort of abuse of civil process. To the extent Spencer objected to the instructions regarding the elements of the tort of wrongful use of a civil proceeding, such objection challenged the inclusion of a quote from the prior trial court judge relating to the reason for the dismissal of Spencer's action.

6. Spencer also argues that we should review the alleged errors under the doctrine of exceptional circumstances. In light of our analysis of Spencer's arguments under the plain error doctrine, we see no exceptional circumstances here that would warrant relief. *See generally Provo City v. Ivie,* 2008 UT App 287, ¶ 6, 191 P.3d 841 (explaining that the exceptional circumstances doctrine is to be reserved for truly exceptional situations involving rare procedural anomalies).

1. Spencer's Lack of Probable Cause to Bring Prior Action

¶ 15 Spencer first argues that he had probable cause to bring his alienation of affections claim as a matter of law because he reasonably believed in the facts underlying his claim and because the claim may have been valid under the law based upon the facts he believed to be true. *See generally Gilbert,* 1999 UT 65, ¶ 19, 981 P.2d 841 (defining probable cause for purposes of the tort of wrongful use of a civil proceeding). Spencer's argument places great weight on the undisputed facts that Nielsen and Jewelya had a long-term intimate affair and that Spencer and Jewelya's marriage ultimately failed. However, Spencer fails to account for the possibility that the jury could accept as true an additional fact asserted by Nielsen—that Spencer knew all along that his marital problems were independent of Nielsen's actions and were not caused by Nielsen.

¶ 16 The jury was instructed that one element of Spencer's alienation of affections suit was that "Spencer and his wife, Jewelya, were happily married and that a genuine love and affection existed between them." Thus, if Spencer knew at the time of filing his action that Nielsen was not actually the cause of his marital problems, then his suit could be said to have been brought without probable cause, despite Nielsen's affair with Jewelya. The nature of Spencer and Jewelya's relationship over the course of their marriage was hotly disputed at trial, and it was well within the province of the jury as the fact-finder to determine what Spencer actually believed about the cause of his marital problems as well as the reasonableness of those beliefs. Because there was a factual dispute regarding Spencer's reasonable beliefs about the cause of the failure of his marriage to Jewelya, it was appropriate that this issue be decided by the jury rather than as a matter of law by the court. *Cf. Ilott v. University of Utah,* 2000 UT App 286, ¶ 18, 12 P.3d 1011 (" '[Q]uestions of reasonableness necessarily pose questions of fact which should [ordinarily] be reserved for jury resolution.' " (quoting *Darrington v. Wade,* 812 P.2d 452, 459 (Utah Ct.App.1991))).

¶ 17 Spencer further argues that the question of probable cause is always a question of law to be resolved by the court, regardless of any underlying factual disputes. Spencer cites to a New Mexico case, *Weststar Mortgage Co. v. Jackson,* 133 N.M. 114, 61 P.3d 823 (2002), which held that the ultimate question of probable cause can be decided only by the court as a matter of law. *See id.* at 832 ("When the relevant facts are disputed, the role of the jury is to determine the disputed facts bearing on the probable cause question, that is, 'the circumstances surrounding the filing of the complaint.' Whether those facts constitute probable cause remains a matter for the trial court to determine."); *see also* Restatement (Second) of Torts § 681B (1977) (allocating the functions of court and jury for purposes of the tort of wrongful use of civil proceedings). While *Weststar* may be persuasive, it is not binding appellate authority for Utah trial courts. Thus, *Weststar* cannot provide the basis of a claim of plain error, which is our only basis for review in light of Spencer's failure to preserve the issue. *See State v. Dean,* 2004 UT 63, ¶ 16, 95 P.3d 276 (discussing the need for dispositive appellate authority before a trial court's error may be deemed obvious for purposes of plain error analysis).

¶ 18 Due to Spencer's lack of preservation and our resulting plain error review, Spencer could obtain relief only if we were to conclude that Utah case law applying the Restatement of Torts has implicitly adopted a clear rule that probable cause be decided by the court as a matter of law. We decline to do so. However, even if we were to read the existing law in this manner, Spencer has failed to demonstrate prejudice arising from the district court's treatment of this element. In order to prevail on a plain error argument, Spencer must necessarily show that the error was harmful, i.e., that there is a reasonable likelihood that the outcome would have been more favorable had the district court decided the probable cause issue after having the jury decide the underlying facts. *See Berkshires, LLC,* 2005 UT App 536, ¶ 21, 127 P.3d 1243 (stating test for prejudice).

¶ 19 In light of the conflicting evidence presented to the jury, it is at best speculative

that a properly instructed jury would have determined facts that would have resulted in a legal ruling in favor of Spencer. There was substantial evidence to suggest that Spencer knew that Nielsen was not the cause of his marital troubles and was not liable for alienation of Jewelya's affections. Further, the jury actually determined that, in its opinion, Spencer had sued Nielsen "without a reasonable belief that he would prevail." Even if this question is properly characterized as a legal rather than a factual one, the jury's answer in Nielsen's favor strongly suggests its belief in facts that would have led to a district court conclusion that Spencer's action lacked probable cause. Under these circumstances, Spencer has failed to show harm resulting from the district court's treatment of this element.

### 2. Termination of Prior Action in Nielsen's Favor on the Merits

¶ 20 Spencer next argues that Nielsen's wrongful use of civil proceedings claim must fail because the dismissal of Spencer's alienation of affections suit as a discovery sanction was not reflective of the lack of merits of that suit. Spencer again argues that this issue should have been resolved by the district court in his favor as a matter of law.[7] As with Spencer's prior argument, this argument fails to establish that Spencer is entitled to relief under the plain error doctrine.

¶ 21 One element of the tort of wrongful use of civil proceedings is that the allegedly wrongful proceedings must have "terminated in favor of the person against whom they are brought." *Gilbert v. Ince*, 1999 UT 65, ¶ 19, 981 P.2d 841. Further, in *Hatch v. Davis*, 2004 UT App 378, 102 P.3d 774, this court held that the termination of the prior proceeding must reflect on the merits, or lack thereof, of the prior proceeding. *See id.* ¶ 23 (determining as a matter of law that termination of a prior suit for lack of jurisdiction is not reflective of the merits of the suit for purposes of a later wrongful use of civil proceedings claim). The question

presented by Spencer's argument is whether dismissal of an action as a discovery violation can be reflective of the merits of the suit. A review of the case law cited in *Hatch* suggests that, under certain circumstances, dismissal of an action as a discovery violation may qualify as a dismissal on the merits for purposes of the wrongful use of civil proceedings tort.

¶ 22 *Hatch* relied on a California case, *Lackner v. LaCroix*, 25 Cal.3d 747, 159 Cal. Rptr. 693, 602 P.2d 393 (1979), as its primary authority in analyzing this issue. *See Hatch*, 2004 UT App 378, ¶ 23, 102 P.3d 774. The *Lackner* court identified several kinds of terminations that it deemed potentially reflective of the merits of a suit even though they did not actually resolve the case on the merits: dismissal of a criminal proceeding for lack of sufficient evidence at the conclusion of a preliminary hearing, dismissal of a criminal action by the prosecutor for lack of evidence, and voluntary dismissal by a civil plaintiff. *See* 159 Cal.Rptr. 693, 602 P.2d at 394–95. *Lackner* noted that a dismissal for failure to prosecute an action does reflect on the merits because of the "natural assumption that one does not simply abandon a meritorious action once instituted." *Id.* 159 Cal.Rptr. 693, 602 P.2d at 395 (internal quotation marks omitted). By contrast, however, if "the dismissal is on technical grounds, for procedural reasons ... it does not constitute a favorable termination." *Id.* 159 Cal.Rptr. 693, 602 P.2d at 394 (omission in original) (internal quotation marks omitted).

¶ 23 While *Lackner* did not specifically address whether dismissal of a suit as a discovery sanction constitutes a termination reflective of the merits of the suit, later California cases suggest an answer to that question in the affirmative, at least in certain circumstances. In *Zeavin v. Lee*, 136 Cal.App.3d 766, 186 Cal.Rptr. 545 (1982), while holding that a lawyer could not be sued for malicious prosecution when a suit he previously brought was dismissed as a discovery sanction imposed because of his *client's* actions, the court noted that "it may sometimes be

---

7.  Spencer again cites only to an out-of-state case, *Palmer Dev. Corp. v. Gordon*, 723 A.2d 881 (Me. 1999), for the proposition that prior favorable

termination is a question of law that must be resolved by the court rather than the jury.

proper to hold that a prior action was unfavorably terminated against a party solely because of her conduct in refusing to cooperate or make discovery." *Id.* at 549. The court also stated that "the dismissal of [the plaintiff's] malpractice action as a result of her conduct could be treated as a concession on her part that her action lacked merit in her opinion" *Id.* at 548.

¶ 24 Similarly, in *Pattiz v. Minye*, 61 Cal.App.4th 822, 71 Cal.Rptr.2d 802 (1998), the court determined as a matter of law that termination of a prior suit was not reflective of the merits when the plaintiff's suit was dismissed for discovery violations *beyond her control. See id.* at 805. The court stated:

> The dismissal due to Minye's failure to comply with discovery orders "did not reflect the innocence of [Pattiz] or the lack of merits of the action." The declarations submitted by Minye, her daughter, and her attorney in the municipal court reflect that Minye did not abandon the action or refuse to cooperate in discovery. Moreover, it would be unfair to ascribe a lack of cooperation by Minye to her daughter's act of refusing further deposition due to illness. The factual showing by declarations negates an inference that Minye's failure to comply with discovery was a concession that her cross-complaint lacked merit.

*Id.* (alteration in original) (citation omitted). Together, *Zeavin* and *Pattiz* suggest that a plaintiff's *own* refusal to comply with discovery orders *can* reflect on the merits of the plaintiff's case when that case is dismissed due to the plaintiff's own actions.

¶ 25 In this case, the dismissal of Spencer's prior action was clearly due to his own actions, rather than to circumstances beyond his control such as ineffective counsel or unwilling witnesses. The order dismissing Spencer's alienation of affections suit documented several years worth of Spencer's failure to comply with discovery orders, noting that there had been three prior hearings on the subject and stating that "this is a unique case in which [Spencer's] conduct in failing to fully respond to discovery has been egregious." The order concluded that Spencer's actions warranted dismissal of his alienation of affections claim, stating that "[Spencer's]

behavior and conduct was willful, was in bad faith, and was the fault of [Spencer] and that [Spencer] engaged in persistent and dilatory tactics intending to frustrate the judicial process." The order also stated that it found "that [Spencer's] failure to produce and answer discovery was not due to [Spencer's] or his counsel's inability, but because of the fault of [Spencer] that was willful and in bad faith."

¶ 26 In light of these determinations, Spencer has failed to demonstrate that he is entitled to relief under the plain error doctrine. Clearly, it would have been preferable for the district court to have either instructed the jury on the termination on the merits requirement or decided the issue itself as a matter of law. However, even assuming that the district court's failure to do so was error, we will not reverse the district court on plain error where Spencer has not established that the district court's actions were prejudicial. *See Berkshires, LLC v. Sykes*, 2005 UT App 536, ¶ 21, 127 P.3d 1243. In light of the strong language employed in the dismissal order, which clearly laid the blame for the dismissal of Spencer's action on Spencer and Spencer alone, it appears not only speculative but also unlikely that any different result would have occurred had Spencer properly brought this issue to the district court's attention. Thus, Spencer has not shown the "reasonable likelihood of a more favorable outcome" necessary to entitle him to relief under the plain error doctrine. *See id.*

### B. The Jury Verdict Is Supported by the Evidence

¶ 27 Spencer's next set of challenges to the wrongful use of civil proceedings verdict argue that no reasonable jury could have found that Spencer's prior lawsuit was brought without probable cause, nor could any reasonable jury have found that the prior suit was resolved on the merits in Nielsen's favor. Neither of these arguments is persuasive under the circumstances of this case. As noted earlier, the jury heard extensive testimony about the ongoing status of Spencer and Jewelya's relationship and could easily have concluded from the evidence that Spencer lacked a reasonable belief that the

couple was "happily married and [that] a genuine love and affection existed between them" as alleged in Spencer's alienation of affections complaint. The marshaled evidence, as summarized in Spencer's own appellate brief, suggests a tumultuous marriage that included physical abuse, extramarital sexual activity by both Spencer and Jewelya, and a criminal solicitation charge against Spencer. Further, Spencer testified at trial about his own 1996 sworn statement that "Jewelya never was committed to our marriage and that it was only a fraud and a deceit from the beginning." In light of this evidence, a reasonable jury could well have found that Spencer knew that Nielsen's actions were not the cause of his marital troubles and that his alienation of affections claim was therefore without merit.

¶ 28 Similarly, as to the question of favorable termination on the merits, the jury properly found that Spencer's prior lawsuit against Nielsen had been dismissed, a resolution that was clearly in Nielsen's favor. The jury was not instructed to consider whether the dismissal was reflective of the merits of Spencer's suit, and Spencer does not challenge that jury instruction on appeal. However, for the same reasons expressed above, the language of the prior dismissal order provides ample evidence that would have allowed the jury to infer that Spencer's actions in failing to properly conduct himself in his prior suit, and the resulting dismissal, reflected a lack of merit in Spencer's suit. *See generally Lackner v. LaCroix*, 25 Cal.3d 747, 159 Cal.Rptr. 693, 602 P.2d 393, 395 (1979) ("A dismissal for failure to prosecute does reflect on the merits of the action. The reflection arises from the natural assumption that one does not simply abandon a meritorious action once instituted." (alterations and internal quotation marks omitted)).

¶ 29 We decline to disturb the jury's verdict finding Spencer liable for wrongful use of civil proceedings. Spencer has not demonstrated that the result would have been different had the court decided the probable cause and prior termination questions as a matter of law instead of submitting them for decision to the jury. Thus, to the extent the district court committed any error, it was not prejudicial and does not constitute reversible plain error. Further, there was sufficient evidence for the jury to resolve the questions submitted to it in Nielsen's favor. Accordingly, we affirm the verdict below as to Spencer's liability.

## II. Prejudgment Interest

¶ 30 Spencer also raises multiple arguments challenging the district court's award of prejudgment interest on the $95,000 in damages awarded to Nielsen. Spencer argues that this award was improper because Nielsen failed to identify the $95,000 of prior attorney fees as special damages in his complaint; attorney fees awarded as damages for a wrongful use of civil proceedings claim constitute general damages rather than special damages; and attorney fees cannot constitute special damages under Utah Code section 78–27–44, which governs prejudgment interest in personal injury actions, *see* Utah Code Ann. § 78–27–44 (2002).

¶ 31 Spencer's arguments present interesting legal questions concerning how attorney fees from a prior suit should be treated when they are awarded as damages in a subsequent suit for wrongful use of civil proceedings. However, we need not reach those questions in order to invalidate the interest award here. The district court's order awarding interest presupposes that the $95,000 award actually represents Nielsen's prior attorney fees. We see nothing in the record that would support such an assumption for the purposes of awarding prejudgment interest and agree with Spencer that the damage award must be treated as an award of general damages under the circumstances of this case.

¶ 32 The special verdict form used by the jury did not indicate whether the award represented special or general damages, nor did it identify that the damages awarded represented attorney fees as opposed to some other source of damages. Indeed, the form simply asked the jury, if it found liability, to "state the amount of damages you are awarding [Nielsen] for [Spencer's] wrongfully bringing a civil action." The jury responded "$95,000." Although we recognize that the $95,000 award corresponds exactly with the

$95,000 in attorney fees sought by Nielsen, this coincidence alone is insufficient to transform the unspecified award into one for prior attorney fees. *See generally Weeks v. Calderwood,* 191 P.3d 1 (Utah 1979) (rejecting similar argument where jury awarded total unspecified damages in exact amount of plaintiff's medical bills). Even if Nielsen's testimony about prior fees was the source of the $95,000 figure, the jury may have used the amount of prior attorney fees as a rough proxy for the amount of emotional distress or mental pain suffered by Nielsen, and awarded the $95,000 as general pain and suffering damages. Without an express designation of the $95,000 as an award of prior attorney fees on the special verdict form, we cannot simply assume that the $95,000 represents an award of attorney fees rather than general damages for Spencer's tortious conduct. *See id.* at 4. ("[N]either the trial court nor we have any basis for knowing with certainty what part of the award was for such special damages.").

¶ 33 We thus agree with Spencer that the $95,000 award in this case is an award of general damages not subject to the addition of prejudgment interest. Whether or not prior attorney fees can ever constitute special damages if properly pleaded in a wrongful use of civil proceedings action is a legal question that we reserve for another day. The district court's award of prejudgment interest is hereby reversed and the matter remanded for the entry of an amended judgment.

## CONCLUSION

¶ 34 The district court did not commit plain error when it allowed the jury to consider Nielsen's claim for wrongful use of civil proceedings, and the evidence supports the jury's verdict. However, the district court erred when it treated the $95,000 in damages awarded as special damages subject to an award of prejudgment interest rather than general damages not subject to such an

award. Accordingly, we reverse the district court's award of prejudgment interest and remand this matter for the judgment to be amended accordingly.[8]

¶ 35 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and CAROLYN B. McHUGH, Judge.

---

8. Nielsen requests an award of reasonable attorney fees incurred on appeal. However, attorney fees were not awarded below and Spencer has at least partially prevailed in his appeal. Under these circumstances, we decline to award attorney fees to Nielsen. *See generally Valcarce v.*

*Fitzgerald,* 961 P.2d 305, 319 (Utah 1998) ("[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." (internal quotation marks omitted)).