2009 UT App 34

**Gaetano A. DONATELLI and Laura Donatelli, Plaintiffs and Appellants,**

**v.**

**Troy BEAUMONT and Penhall Company, a California corporation, Defendants and Appellees.**

**No. 20080020–CA.**

Court of Appeals of Utah.

Feb. 12, 2009.

---

Edward P. Moriarity, Bradley L. Booke, Jacque M. Ramos, and Terry Mackey, Salt Lake City, for Appellants.

Tim Dalton Dunn and Kathleen M. Liuzzi, Salt Lake City, for Appellees.

Before BENCH, DAVIS, JJ., and BILLINGS, Senior Judge.[1]

## OPINION

BILLINGS, Senior Judge:

¶1 Plaintiffs Gaetano A. Donatelli and Laura Donatelli appeal the trial court's denial of their motion for prejudgment interest on their jury-awarded damages. We affirm.

## BACKGROUND

¶2 In 2001, Mr. Donatelli was injured when Defendant Troy Beaumont crashed a truck owned by Defendant Penhall Company into the back of Mr. Donatelli's vehicle. Plaintiffs filed a complaint against Defendants in April 2005 for injuries Mr. Donatelli sustained in the car accident. The matter was tried before a jury in April 2007. At the

end of trial, Plaintiffs' counsel proposed, and the trial court accepted, a verdict form that included the following question: "What amount of money will fairly and reasonably compensate [Mr.] Donatelli for the damages he has suffered as a result of the collision ... ?" The jury returned a proposed verdict three different times. Each time, the proposed verdict was reviewed by counsel for the parties. Plaintiffs' counsel never objected to the verdict or the verdict form. The jury ultimately awarded Plaintiffs $137,543.48 in damages—the exact amount of Mr. Donatelli's medical expenses. After trial, Plaintiffs filed a motion for prejudgment interest and costs. The trial court denied their motion on the grounds that the verdict form did not differentiate between special and general damages, and thus, it would be speculation to specify the amount of special damages on which to base prejudgment interest. Plaintiffs appeal.

## ISSUE AND STANDARD OF REVIEW

¶3 On appeal, Plaintiffs argue that the trial court erred in denying their motion for prejudgment interest and costs. "A trial court's decision to grant or deny prejudgment interest presents a question of law which we review for correctness." *Nielsen v. Spencer*, 2008 UT App 375, ¶11, 196 P.3d 616.

## ANALYSIS

¶4 Under Utah law, a plaintiff who has brought an action "to recover damages for personal injuries ... resulting from or occasioned by the tort of any other person ... may claim interest on special damages actually incurred from the date of the occurrence of the act giving rise to the cause of action." Utah Code Ann. § 78B–5–824(1) (2008). This prejudgment interest is based on the "special damages actually incurred that are assessed *by the verdict of the jury.*" *Id.* § 78B–5–824(2) (emphasis added). Thus, a trial court can award prejudgment interest only if the jury assessed special damages.

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment pursuant to Utah Code section 78A–3–102 (2008) and rule 11–201(6) of the Utah Rules of Judicial Administration.

¶ 5 Here, the verdict form did not differentiate between special and general damages. Instead, the form contained a single line for the jury to write in the total amount of damages it thought would compensate Plaintiffs for Mr. Donatelli's injuries. The amount the jury awarded Plaintiffs was $137,543.48. Plaintiffs claim that because this amount is the exact amount of Mr. Donatelli's medical expenses, the jury intended the damage award to be an award of special damages. Therefore, Plaintiffs argue, the trial court erred by not awarding prejudgment interest on those special damages. However, in this case, it would have been error for the trial court to characterize the damages awarded to Plaintiffs as special damages.

¶ 6 In *Nielsen v. Spencer*, 2008 UT App 375, 196 P.3d 616, the jury awarded the plaintiff $95,000 in damages but did not specify whether those damages represented general damages or special damages for prior attorney fees. *See id.* ¶ 8. Still, the trial court determined that the damages the jury awarded to the plaintiff were intended as special damages and included prejudgment interest on the damage award. *See id.* In reviewing the trial court's decision, this court held that "[w]ithout an express designation of the $95,000 as an award of prior attorney fees on the special verdict form, we cannot simply assume that the $95,000 represents an award of attorney fees rather than general damages for [the defendant's] tortious conduct." *Id.* ¶ 32. In making this conclusion, this court reasoned that "[a]lthough ... the [jury's] award corresponds exactly with the [amount of] attorney fees sought by [the plaintiff], this coincidence alone is insufficient to transform the unspecified award into one for prior attorney fees." *Id.* (citing *Weeks v. Calderwood*, 191 P.3d 1 (Utah 1979), and noting that *Weeks* "reject[ed a] similar argument where [the] jury awarded total unspecified damages in [the] exact amount of [the] plaintiff's medical bills"). This court further stated that "*[e]ven if* [the plaintiff's] testimony about prior fees was the source of the [jury's award], the jury may have used that amount of prior attorney fees as a rough proxy for the amount of emotional distress or mental pain [the plaintiff] suffered." *Id.* (emphasis added).

¶ 7 Similarly, in this case, the jury's award to Plaintiffs corresponds exactly to Mr. Donatelli's medical expenses, but this fact alone does not allow us to classify the jury's damage award as an award of special damages. Plaintiffs argue that there was additional evidence to support their claim that the jury's award was one for special damages. Specifically, they argue that after deliberations the jury came back three different times trying to award Plaintiffs $137,543.48 plus all legal fees. It was only after the trial court instructed the jury that it could not include legal fees as a component of its award that the jury finally returned a verdict of $137,543.48. Plaintiffs also argue that the evidence they presented at trial regarding damages was a "precise, itemized, year-by-year, month-by-month, day-by-day, provider-by-provider, service-by-service, out to two decimal points calculation." This evidence, according to Plaintiffs, makes the conclusion that the jury's award was for special damages "inescapable." However, without the jury's specific classification of damages as special damages on the verdict form, we cannot speculate as to how the jury wanted to classify its damage award. Defendants offered evidence at trial that not all of Mr. Donatelli's expenses were a result of the injuries caused by the accident. As in *Nielsen*, the jury could have used Mr. Donatelli's medical expenses "as a rough proxy for the amount of emotional distress or mental pain [he] suffered." *See id.* Thus, we cannot say that the jury's award of damages was an award of special damages.

¶ 8 Moreover, and importantly, Plaintiffs failed to object to the jury verdict form at trial and have thereby waived their objection. "It is the rule in Utah that a failure to object to a verdict, informal or insufficient on its face, before the jury is discharged constitutes a waiver of the objection." *Balderas v. Starks*, 2006 UT App 218, ¶ 18, 138 P.3d 75 (internal quotation marks omitted). This rule is not a "hypertechnical requirement" but instead " 'serves the objective of avoiding the expense and additional time for a new trial by having the jury which heard the facts clarify the ambiguity while it

is able to do so.'" *Id.* (quoting *Bennion v. LeGrand Johnson Constr. Co.*, 701 P.2d 1078, 1083 (Utah 1985)).

¶9 The verdict form presented to the jury here was flawed because it failed to differentiate between general and special damages. However, Plaintiffs' counsel did not object to the verdict form. In fact, Plaintiffs' counsel proffered the form to the trial court. There were multiple opportunities for Plaintiffs' counsel to object to the verdict form while the jury was seated, and counsel failed to do so. Therefore, any objection is now waived. *See Langton v. International Transp., Inc.*, 26 Utah 2d 452, 491 P.2d 1211, 1215 (1971) (noting, with regard to jury verdicts, that "if counsel has an opportunity to correct error at the time of its occurrence and he fails to do so, any objection based thereupon is waived"). As the trial court in this case succinctly stated, "Where the error in failing to identify whether the damages are special or general was invited by an inadequate verdict form, it seems the party who invited that award should bear the burden associated with it."

## CONCLUSION

¶10 We conclude that the trial court did not err in denying Plaintiffs' motion for prejudgment interest and costs. The verdict form did not allow the jury to specify how much of its award was special damages and how much was general damages, and we cannot make that determination. Moreover, Plaintiffs' counsel failed to object to the jury's lump sum verdict at trial when the jury was seated and when the jury could have remedied the problem by classifying the award as special damages or general damages. Therefore, Plaintiffs' objection is now waived. Accordingly, we affirm.

¶11 WE CONCUR: RUSSELL W. BENCH and JAMES Z. DAVIS, Judge.