Filed 12/20/22  Long v. Safi CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RICHARD LONG,  Plaintiff and Respondent,  v.  SID M. SAFI,  Defendant and Appellant. | B312240  (Los Angeles County Super. Ct. No. 20STCV29401) |

Appeal from an order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Reversed.

Sid M. Safi, in pro. per., for Defendant and Appellant.

The Law Office of Cliff Dean Schneider and Cliff Dean Schneider for Plaintiff and Respondent.

_____

Appellant Sid. M. Safi (Safi) seeks reversal of the portion of the trial court's February 5, 2021 order denying his Code of Civil Procedure[1] section 425.16 "anti-SLAPP" special motion to strike respondent Richard Long's (Long) claim for malicious prosecution.[2]  Because we conclude that Long has failed to demonstrate a probability of prevailing on the first element of his malicious prosecution claim—namely, that the action underlying his claim concluded in a legal termination favorable to him—we reverse and remand the matter with instructions to enter judgment in favor of Safi[3] and to award Safi attorney fees, in an amount to be determined by the trial court.

### FACTUAL SUMMARY AND PROCEDURAL HISTORY

This appeal arises out of a decade-long dispute between the parties concerning a $500 loan.  Safi—who owns a pigeon farm and sells "high quality, well-bred pigeons known as '[f]ancy [p]igeons' "—contends that, in 2012, he and Long "entered into a [written] contract as part of a more expansive deal for internet fancy pigeon sales."  According to Safi, Long promised to provide

---

[1] All unspecified statutory references are to the Code of Civil Procedure.

[2] " 'SLAPP stands for "Strategic Lawsuit Against Public Participation." ' "  (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 710, fn. 1 (*Lee*), quoting *Lam v. Ngo* (2001) 91 Cal.App.4th 832, 835, fn. 1.)  "For clarity, we refer hereafter to an 'anti-SLAPP' motion as a 'special motion to strike'—the language used in the statute (Code Civ. Proc., § 425.16, subd. (b)(1))."  (*Lee, supra,* at p. 710, fn. 1.)

[3] As discussed, *post,* the trial court dismissed Long's remaining causes of action against Safi.  On October 4, 2021, we dismissed as untimely Long's cross-appeal from those dismissals. (*Long v. Safi* (B314462, app. dism. Oct. 4, 2021).)

him with $500 and 100 fancy pigeons, in exchange for Safi's agreement to share a portion of the profits from his pigeon "sales services and consignment process." Long provided the $500; however, Safi maintains that Long failed to provide the promised pigeons. Safi contends that, between 2013 and 2016, he therefore attempted to return the $500, but that Long refused to accept repayment. Instead, Long "attempted to charge [Safi] a daily high interest rate," demanding "$10,000 as repayment for [the] $500 loan." Safi refused to pay the $10,000 sum that Long demanded.

Long denies that the parties had any agreement to enter into a joint venture involving fancy pigeons.[4] He maintains that, in 2012, Safi's business "had financial difficulties," and Safi therefore "asked [Long] for help in the form of a short-term [$500] loan with a 20 [percent] interest rate." Long contends that "[i]nitially, Safi said that he w[ould] be able to payback [*sic*] the loan in 10 days, but he failed to do [so]."

The parties' dispute culminated in a series of three litigation matters: (1) a January 20, 2016 small claims action by Long against Safi (the small claims action);[5] (2) an April 8, 2016 Los Angeles County Superior Court case alleging fraud and other claims by Safi against Long (the 2016 fraud action);[6] and (3) the August 4, 2020 Los Angeles County Superior Court action underlying this appeal (the malicious prosecution action), in which Long alleges, inter alia, a cause of action for malicious

---

[4] Long does, however, appear to partake in events involving fancy pigeons, as he alleges that Safi's actions have harmed his ability "to socialize and go to pigeon clubs."

[5] (*Long v. Safi* (Small Claims, Super. Ct. L.A. County, 2016, No. 16V00586).)

[6] (*Safi v. Long* (Super. Ct. L.A. County, 2018, No. BC616429).)

prosecution against Safi on the basis of the 2016 fraud action and seeks more than $5 million in damages.

## A.   *Long's Small Claims Action*

On January 20, 2016, Long filed the small claims action against Safi.  Long sought not only the return of the $500 loan amount, but $10,000 in total damages arising from Safi's alleged failure to pay interest and late fee charges in connection with the loan.  Long alleged that these charges accumulated at a rate of "$10.00 a day from December 1, 2012 to January 20, 2016 . . . according to [Safi's] own contract."

The small claims court heard Long's claims on April 12, 2016, and entered a judgment in Long's favor that same day in the amount of $376.77 in principal and $90.00 in costs—a total of $466.77.[7]  Although the record contains no transcript of the proceeding, Safi contends—and Long does not dispute—that "[t]he [small claims] judge severely admonished Long and told him that he could not collect $9,700 in liquidated damages on a loan of approximately $375."

## B.   *Safi's 2016 Fraud Action*

On April 8, 2016—four days prior to the April 12, 2016 hearing in Long's small claims case—Safi filed the 2016 fraud action.  His complaint demanded a jury trial and asserted seven causes of action against Long:  (1) fraud, (2) usury, (3) extortion,

[7] The record on appeal does not contain copies of the parties' 2012 contract or the April 12, 2016 small claims judgment.  The small claims action docket sheet, however, contains the following entry:  "Judgment entered as a final disposition on 4/12/2016.  For (Long, Richard V.).  Against (Safi, Sid Mohammad).  Principal $376.77.  Costs $90.00.  Total $466.77.  Execution stayed 30 days.  Uncontested."  (Capitalization omitted.)

4

(4) breach of contract, (5) breach of the covenant of good faith, (6) defamation, and (7) intentional infliction of emotional distress.[8] The thrust of Safi's allegations in support of these claims was that Long had defrauded him by reneging on the parties' joint pigeon venture agreement and then attempting to charge Safi usurious interest and late fees in connection with the $500 loan. Safi alleged further that Long had failed to perform in connection with other pigeon sales contracts dating back to 2009, that Long had falsely accused Safi of misconduct relating to pigeon shows, and that Long had improperly excluded Safi from pigeon shows "because of [Safi's] national origin and religion."[9]

Safi, who Long alleges is a paralegal, represented himself throughout the duration of the 2016 fraud action. Safi maintains that he filed the 2016 action as a separate case against Long in the superior court only because he "was informed" that he could not countersue Long in the small claims court action. On April 11, 2016, Safi requested that the court consolidate his 2016 fraud action with Long's small claims case so that a single judge could hear both matters. The court denied his request.

The 2016 fraud action proceeded for nearly two years, with trial set for March 21, 2018. Long, who was represented by counsel, made several motions to compel discovery, as well as two motions

---

[8] Although the caption of the complaint alleges seven causes of action, the body of the complaint alleges only six causes of action: (1) fraud, (2) extortion, (3) usury, (4) breach of contract, (5) breach of the covenant of good faith, and (6) intentional infliction of emotional distress.

[9] Specifically, Safi alleged that Long "told [Safi] . . . [Long] would sue [Safi] and win because of the climate of hatred and bias that [Long] thought existed[,] and that nobody would believe [Safi] because he was Iranian."

5

for terminating sanctions.  Although the trial court ordered Safi to provide additional discovery, it denied Long's requests for terminating sanctions.  Long contends that he also served a demand for a bill of particulars, to which Safi allegedly failed to respond.  Finally, approximately one month prior to the scheduled trial date, on February 20, 2018, Long filed three motions in limine:  (1) a motion to exclude all evidence of any contract between the parties or debt allegedly owed by Long to Safi, (2) a motion to exclude all evidence as barred by the doctrines of res judicata and collateral estoppel, and (3) a motion to exclude any evidence sought or obtained after the close of discovery.

On March 21, 2018, the parties appeared for a jury trial, but trial did not begin.  Instead, the court conducted a hearing at which it denied Safi's request for a jury trial, finding that Safi had not posted jury fees, "ha[d] untimely sought an additional fee waiver for waiver of jury fees," and that he had not been "diligent in preserving [his] right to a jury trial."  The court then continued the trial to March 23, 2018.  In addition, the court denied Long's first and third motions in limine, but took under submission Long's motion in limine to exclude all evidence on the grounds of res judicata and collateral estoppel.

Safi contends that, on March 23, 2018, he "appeared for what [he] thought would be the start of [his] trial.  But trial was not held."  Instead—despite previously denying the motions for terminating sanctions and the motion in limine to exclude evidence produced after the close of discovery—the court granted Long's oral motion to preclude Safi from testifying because certain date ranges set forth in [Safi's] discovery responses allegedly were "vague and ambiguous."  Safi therefore "never was given the opportunity to be sworn in and provide testimony. . . . In addition, the court found that [Safi's] claims were barred by the prior adjudication in the

6

small claims court by virtue of res judicata and collateral estoppel." Safi asserts that "[t]he entire proceeding on March 23, 2018 lasted no more than ten minutes."

In his declaration in opposition to Safi's special motion to strike, Long agrees nearly verbatim with Safi's description of the March 23 proceeding. In opposition to Safi's subsequent motions for a new trial and judgment notwithstanding the verdict (discussed *post*), however, Long's then-attorney I. Donald Weissman submitted two virtually identical declarations (the Weissman declarations) in which he attests that, prior to dismissing Safi's claims, the trial court permitted Safi to make an offer of proof "regarding his testimony and the dates the events [relevant to his claims] occurred."[10] Through the Weissman declarations, Long asserts that, in response to his objection to Safi's presentation of "any evidence concerning his claims beyond th[at] stated in [Safi's] responses to discovery," the court indicated that its "tentative ruling was to sustain [Long's] objections to testimony of any certain date that contradict[ed] [Safi's] discovery responses." Long maintains that "[t]he court [then] asked [Safi] for an offer of proof regarding his testimony and the dates the events occurred." (Italics omitted.) According to Long, Safi stated in his offer of proof that

---

[10] Neither Long's respondent's brief on appeal, nor his brief in opposition to Safi's special motion to strike, makes any mention of Safi's alleged offer of proof. We nonetheless address Long's contentions concerning the offer of proof because the Weissman declarations in which they appear are attached as exhibits to Long's opposition to Safi's special motion to strike. (*See, e.g., Area 55, LLC v. Nicholas & Tomasevic, LLP* (2021) 61 Cal.App.5th 136, 151 ["[i]n determining whether a plaintiff meets its responsive burden under the second prong [of the anti-SLAPP inquiry], 'the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based' "].)

7

the parties' joint pigeon venture agreement "started in 2012," that Long "kept promising but did not perform," and that the terms of the parties' 2012 agreement were usurious.

Long contends that, "[a]fter [Safi's] offer of proof, the [c]ourt . . . sustained [Long's] objections, explaining: [Safi] gave a vague span of years as to when events occurred, or damages occurred. The same vague responses were given to each inquiry. [Long] objected to [Safi's] testifying to any more than a span of years. [Safi's] offer of proof to show more specific dates was not allowed." (Italics omitted.) In addition, the court found that "[t]he usury cause of action was impliedly ruled against [Safi] in the small claims case. If the usury issue was not brought up then as a named defense, it should have been. The issue [was] barred by res judicata and collateral estoppel." (Italics omitted.) The court then granted judgment in favor of Long on all causes of action.

Long notes further that, in response to trial court orders, he prepared and submitted to the court (1) an agreed statement of facts concerning the March 23, 2018 proceeding, and (2) a proposed judgment, which the court signed and entered on May 3, 2018. Neither of these documents, however, appears in the record on appeal. Nor does the record include copies of Safi's discovery responses or a transcript of the March 23 proceeding.[11]

Therefore—apart from the parties' declarations submitted in connection with the special motion to strike and the Weissman declarations—the only evidence of the basis for the court's dismissal of Safi's claims at the March 23, 2018 proceeding is a one-page minute order, which provides:

"COURT TRIAL. [¶] The matter is continued from March 21, 2018. [Long's] counsel makes an oral motion to preclude [Safi]

---

[11] It appears that no such transcript exists.

8

from testifying to any specific date of occurrence on any of [Safi's] causes of action due to [Safi's] vague and ambiguous responses to discovery. [¶] Counsel and parties argue the motion. [¶] Court's exhibit 1, C-1 (form interrogatories) and C-2 ([Safi's] verified responses to form interrogatories) are marked for identification only. [¶] The court grants [Long's] motion and precludes [Safi] from testifying. [¶] The court grants judgment in favor of [Long] on all causes of action. [¶] [Long's] counsel is ordered to file and serve a proposed ruling and proposed judgment in conformity with the court's ruling." (Capitalization omitted.)

Following the March 23 proceeding, on May 29, 2018, Safi filed motions for a new trial and for judgment notwithstanding the verdict. The court denied both motions, and on July 13, 2018, Safi—still representing himself—filed a notice of appeal of the trial court's judgment. This court dismissed Safi's appeal on August 2, 2019, due to his failure to make the necessary $100 deposit with the superior court in order to procure the record on appeal.[12]

## C. *Long's Malicious Prosecution Action and Safi's Special Motion to Strike*

Following dismissal of Safi's 2016 fraud action, Long filed suit against Safi in Los Angeles County Superior Court on August 4, 2020.[13] Long alleges, inter alia, that Safi's 2016 lawsuit was part of a "a scheme to extort monies from . . . and to defraud [him]," and that he has suffered $5 million in damages, "plus prejudgment interest," as the result of Safi's conduct. Long's complaint asserts four causes of action against Safi: (1) malicious prosecution,

---

[12] (*Safi v. Long* (B291382, app. dism Aug. 2, 2019).)

[13] Although the Honorable Ernest Hiroshige presided over the 2016 fraud action, Long's malicious prosecution action was assigned to the Honorable Malcolm H. Mackey.

9

(2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, and (4) elder abuse.

On November 16, 2020, Safi—who by this time had retained legal counsel—filed a special motion to strike Long's complaint pursuant to section 425.16. As relevant to this appeal, Safi argued that Long could not demonstrate a probability of prevailing on his malicious prosecution claim "because Safi's fraud claim was never tried on the merits," and thus Long could not establish the requisite "favorable termination" element of the claim. In addition, Safi argued that the litigation privilege codified in Civil Code section 47, subdivision (b) mandated dismissal of Long's remaining causes of action.

In opposition, Long argued that the litigation privilege did not apply, and that his malicious prosecution claim should survive because the "small claims court case [No.] 16V00[586], the fraud suit in the Los Angeles Superior Court, case [No.] BC616429, and the appellate court case [No.] B291382, all ruled in favor of [Long] with a judgment on the merits on similar claims regarding the initial dispute between the parties." (Capitalization omitted.) Long submitted a declaration in support of his opposition in which he attested that, at the March 23, 2018 proceeding in the 2016 fraud action, "[t]he [c]ourt . . . found . . . that [Safi's] prior discovery responses were vague[,] and as a result[,] he could not testify as to matters not in his discovery responses. [¶] . . . In addition, the court found that [Safi's] claims were barred by the prior adjudication in the small claims court by virtue of res judicata and collateral estoppel." (Boldface omitted.) Along with his reply brief in further support of the special motion to strike, Safi filed evidentiary objections to portions of Long's declaration.

At the February 5, 2021 hearing on Safi's motion, the trial court adopted its tentative ruling that the litigation privilege

10

barred all Long's causes of action, with the exception of his claim for malicious prosecution. As to that claim, the court denied Safi's special motion to strike, reasoning that "[Long's] declaration, including paragraph 8, and exhibits, show disputes about lack of probable cause, and the existence of malice, in falsely claiming [Long] took a loan to be paid back, and in relitigating relat[ed] case determinations, and maliciously retaliating against [Long's] court claims by causing expenses to [Long]. Further, '[t]he underlying action went to trial and was terminated on the merits in favor of [Long] and against [Safi].' . . . More specifically, the minute orders and trial documents filed in the underlying case, and attached to the [c]omplaint, do not reveal a decision solely based upon res judicata, but instead one made after an insufficiently supportive offer of proof addressing the merits, done by a self-represented litigant."[14] Finally, the trial court orally denied Safi's request that it rule on his evidentiary objections to Long's declaration. Safi timely appealed the court's February 5, 2021 order denying his special motion to strike Long's malicious prosecution claim.[15]

[14] The trial court did not identify with any further specificity which "minute orders and trial documents filed in the underlying case" supported its ruling. The court did not, for example, identify any such documents at the February 5, 2021 hearing on the special motion to strike. In addition, although the trial court's order references materials "attached to the [c]omplaint," Long's complaint does not have any attachments (nor does the body of the complaint refer to any attachments).

[15] "[A] notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing

11

## DISCUSSION

### A. *Applicable Law and Standard of Review*

" ' " 'The Legislature enacted the anti-SLAPP statute to protect defendants . . . from interference with the valid exercise of their constitutional rights, particularly the right of freedom of speech and the right to petition the government for the redress of grievances.' " ' " (*Lee, supra*, 41 Cal.App.5th at p. 718, quoting *Bleavins v. Demarest* (2011) 196 Cal.App.4th 1533, 1539 (*Bleavins*).) The statute provides that " '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' " (*Lee, supra*, at p. 718, quoting § 425.16.) " 'The statute is to "be broadly construed to encourage continued participation in free speech and petition activities." ' " (*Lee, supra*, at p. 718, quoting *Bleavins, supra*, at p. 1539.)

" 'In evaluating an anti-SLAPP motion, the court conducts a potentially two-step inquiry. [Citation.] First, the court must decide whether the defendant has made a threshold showing that the plaintiff's claim *arises from* protected activity. [Citation.] To meet its burden under the first prong of the anti-SLAPP test, the

_____

the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a)(1).) Safi served Long with a notice of entry of the court's February 5, 2021 ruling on February 10, 2021. Safi then filed his notice of appeal on April 5, 2021, within the prescribed 60-day limit.

defendant must demonstrate that its act underlying the plaintiff's claim fits one of the categories spelled out in subdivision (e) of the anti-SLAPP statute[, section 425.16].' [Citation.]" (*Lee*, *supra*, 41 Cal.App.5th at p. 718.)

" 'Second—*if* the defendant meets its burden of showing all or part of its activity was protected—then the court proceeds to the next step of the inquiry. At this stage—applying the second prong of the anti-SLAPP test—the court asks "whether the plaintiff has demonstrated a probability of prevailing on the claim." ' [Citation.] The Supreme Court has 'described this second step as a "summary judgment-like procedure." [Citation.] The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law. [Citation.] "[C]laims with the requisite minimal merit may proceed." ' [Citation.]" (*Lee*, *supra*, 41 Cal.App.5th at pp. 718−719, quoting *Baral v. Schnitt* (2016) 1 Cal.5th 376, 384−385, fn. omitted.)

"An appeal from an order granting or denying a special motion to strike is reviewed de novo." (*Lee*, *supra*, 41 Cal.App.5th at p. 719, quoting *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

### B.   *The Malicious Prosecution Claim Involves Protected Conduct*

"The anti-SLAPP statute defines an ' "act in furtherance of a person's right of petition or free speech" ' to include 'any written or oral statement or writing made before a . . . judicial proceeding.' " (*Lee*, *supra*, 41 Cal.App.5th at p. 719, quoting § 425.16, subd. (e)(1).) "The plain language of the anti-SLAPP statute [thus] dictates that

13

every claim of malicious prosecution is a cause of action arising from protected activity, because every such claim necessarily depends upon written and oral statements in a prior judicial proceeding." (*Lee, supra*, at p. 719, citing *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734−735.) Accordingly, Safi has met his burden under the first prong of the anti-SLAPP inquiry, and our analysis therefore shifts to whether Long has "satisfied [his] . . . burden[ ] to demonstrate a probability of prevailing on the merits of [his] claim[ ] for malicious prosecution." (See *Lee, supra*, at p. 719.)

### C. *Long Fails To Demonstrate a Probability of Prevailing on the Merits of His Malicious Prosecution Claim*

" ' "Malicious prosecution is a disfavored action. [Citations.] This is due to the principles that favor open access to the courts for the redress of grievances." ' " (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 216 (*Daniels*), quoting *Downey Venture v. LMI Ins. Co.* (1998) 66 Cal.App.4th 478, 493.) Although malicious prosecution suits are not barred simply because they are disfavored (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 349), the elements of this cause of action " 'have historically been carefully circumscribed so that litigants with potentially valid claims will not be deterred from bringing their claims to court by the prospect of a subsequent malicious prosecution [action].' " (*Daniels, supra*, at p. 216, quoting *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872.)

" 'To prevail on a malicious prosecution claim, the plaintiff must show that the prior action' "—here, Safi's 2016 fraud action— " '(1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with

14

malice.' " (*Lee, supra*, 41 Cal.App.5th at pp. 719–720, quoting *Soukup, supra*, 39 Cal.4th at p. 292.)  Safi contends that Long cannot demonstrate a probability of prevailing on the "favorable termination" element of his malicious prosecution claim.  We agree.

" 'In order for a termination of a lawsuit to be considered favorable with regard to a malicious prosecution claim, the termination must reflect on the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit.' " (*Lee, supra*, 41 Cal.App.5th at pp. 719–720, quoting *Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1056.) "[I]n evaluating whether there has been a favorable termination on the merits, the court ' "look[s] at the judgment as a whole in the prior action . . . ." [Citation.]' " (*Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 206, rehg. den. & opn. ordered mod. Sept. 9, 2022; review den. Nov. 22, 2022, S276519.)

" 'The key is whether the termination reflects on the underlying defendant's innocence.  [Citations.]  If the resolution of the underlying litigation "leaves some doubt as to the defendant's innocence or liability[, it] is not a favorable termination, and bars that party from bringing a malicious prosecution action against the underlying plaintiff." ' " (*Robbins v. Blecher* (1997) 52 Cal.App.4th 886, 893 (*Robbins*), italics omitted.)

Safi contends that the resolution of the 2016 fraud action does not "reflect on [Long's] innocence." (See *Robbins, supra*, 52 Cal.App.4th at p. 893.)  Relying on *JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512 (*JSJ*), Safi argues that the court's resolution of his usury claim on res judicata and collateral estoppel grounds constituted a procedural dismissal, rather than a termination on the merits.  (*Id.* at p. 1527.)  Safi argues further that the court failed to consider the merits of his remaining claims because it precluded him from testifying due to his allegedly

15

deficient discovery responses. Safi argues that the facts here therefore are analogous to those in *Pattiz v. Minye* (1998) 61 Cal.App.4th 822 (*Pattiz*), in which the court concluded that dismissal of an action due to a party's " 'egregious[ ]' fail[ure] to comply with court-ordered discovery" did not constitute a favorable termination on the merits for purposes of a malicious prosecution claim. (*Id*. at p. 828.)

In response, Long neglects to address the authorities to which Safi points and fails to direct us to any other potentially relevant authorities. Indeed, Long's three-and-one-half page respondent's brief on appeal does not engage meaningfully with any of Safi's arguments concerning the "favorable termination" element. Long merely asserts that we should credit his declaration in opposition to Safi's special motion to strike, and then goes on to quote a single sentence from the March 23, 2018 minute order issued by the court in the 2016 fraud action.

We find persuasive Safi's argument that the trial court's resolution of his usury claim on res judicata and collateral estoppel grounds does not constitute a "favorable termination" sufficient to support Long's malicious prosecution claim. In *JSJ*, the Second District reasoned that, although "not an easy issue" (*JSJ*, *supra*, 205 Cal.App.4th at p. 1525), the "successful invocation of the defense of res judicata in the underlying claim is not a determination on the merits for purposes of a malicious prosecution action" because "res judicata is not based on whether a party's claim is actually meritorious." (*Id*. at pp. 1526–1527.) "Rather, the doctrine is an affirmative defense, which as a matter of procedure, bars the claim—just as the statute of limitations does—whether the claim is meritorious or not." (*Id*. at p. 1526.)

More recently, however, the Fourth District in *Alston v. Dawe* "decline[d] to follow the rule articulated in *JSJ*" because dismissal

16

on the grounds of collateral estoppel (an aspect of the doctrine of res judicata)[16] "can occur for a number of reasons, including the fact that the same issue was already litigated and decided *on the merits* in an earlier proceeding." (*Alston v. Dawe* (2020) 52 Cal.App.5th 706, 712 (*Alston*).) "Thus," the *Alston* court concluded, "when ruling on an anti-SLAPP motion attacking a malicious prosecution claim that arises out of another lawsuit that was dismissed on collateral estoppel grounds, a trial court should look behind the collateral estoppel ruling in the prior case to determine what the rationale for that ruling was. If, in that earlier proceeding, the party's lack of culpability on the disputed issue was argued, litigated, and decided on the merits, the dismissal of the subsequent case on collateral estoppel grounds qualifies as a favorable termination for purposes of a later malicious prosecution claim." (*Ibid.*)

Even applying the rule set forth in *Alston*, Long has failed to demonstrate a probability of prevailing on the "favorable termination" element of his malicious prosecution claim with respect to Safi's usury cause of action. Nothing in the record indicates that "the disputed [usury] issue was argued, litigated, and decided on the merits" in Long's favor. (See *Alston*, *supra*, 52 Cal.App.5th at p. 712.) To the contrary, the record reflects that

---

[16] "[R]es judicata 'precludes parties or their privies from relitigating a *cause of action*,' and in this sense 'has traditionally been referred to as "res judicata" or "claim preclusion." ' [Citation.] [¶] In addition to claim preclusion, '[r]es judicata also includes a broader principle . . . commonly referred to as "collateral estoppel" or "issue preclusion." Under this principle an issue necessarily decided in prior litigation may be conclusively determined as against the parties or their privies in a subsequent lawsuit on a different cause of action.' [Citation.]" (*Patel v. Crown Diamonds, Inc.* (2016) 247 Cal.App.4th 29, 39, italics omitted.)

Safi's attempt to consolidate the small claims action and the 2016 fraud action—to enable a single judge to hear and consider his usury claim in conjunction with Long's allegations against Safi—was unsuccessful.  Moreover, the small claims court's refusal to award the thousands of dollars in interest and late fees that Long sought in connection with the $500 loan appears to support Safi's usury allegations.  Finally, Safi's contention—undisputed by Long—that the small claims judge admonished Long for his attempt to collect excessive interest and fees further supports this view.

We similarly are unconvinced that the trial court's resolution of Safi's remaining claims in the 2016 fraud action constitutes a "favorable termination" of those claims sufficient to support Long's malicious prosecution suit.  Although the court's March 23, 2018 minute order characterizes the proceeding that day as a "court trial," the record does not reflect that the court conducted a trial on the merits of Safi's claims.  Long does not dispute that the proceeding lasted no more than 10 minutes; Long confirms in his declaration that the court precluded Safi from testifying as a discovery sanction; and it does not appear that the court permitted Safi to introduce any other testimony or evidence in support of his claims.[17]  We therefore conclude that the March 23 proceeding was not a court trial, but instead amounted to a dismissal of Safi's claims as a discovery sanction.

Long's evidence concerning Safi's alleged offer of proof—which we accept as true for purposes of evaluating the special motion to strike—does not alter our conclusion.  The two Weissman

---

[17] The only documents to which the March 23, 2018 minute order refers are Long's form interrogatories and Safi's responses to those interrogatories, and the order indicates that these materials were "marked for identification only" during the proceeding.

declarations are the only sources of such evidence. The declarations confirm that Safi offered a more specific time frame for the events described in his complaint than the "vague span of years" allegedly identified in his discovery responses, and that the trial court nonetheless precluded him from testifying as a discovery sanction: "The court asked [Safi] for an offer of proof regarding his testimony and the dates the events occurred. [¶] . . . [Safi's] offer of proof was the breach of agreement by [Long] to supply plaintiff pigeons . . . . *[Safi] argued that agreement started in 2012* and [Long] kept promising but did not perform. . . . [¶] . . . After [Safi's] offer of proof, the [c]ourt . . . sustained [Long's] objections . . . . *[Safi's] offer of proof to show more specific dates was not allowed.* [¶] . . . [¶] The court rendered judgment in favor of [Long] on all causes of action." (Italics added & omitted.)

Our conclusion that the court effectively dismissed Safi's claims as a discovery sanction does not end our inquiry, however. Termination of a claim on the basis of a discovery sanction may constitute a " 'favorable termination' " for purposes of a malicious prosecution claim if the alleged discovery violation " 'reflect[s] on the merits of the case and the malicious prosecution plaintiff's innocence of the misconduct alleged in the underlying lawsuit.' " (*Daniels*, *supra*, 182 Cal.App.4th at p. 217.) " '[T]he court [thus] examines the record "to see if the disposition reflects the opinion of the [trial] court [in the underlying action] or the prosecuting party that the action would not succeed." ' [Citations.]" (*Ross v. Kish* (2006) 145 Cal.App.4th 188, 198 (*Ross*).) Put another way, we must determine whether an inference can be drawn that the alleged discovery violation here amounts to "a concession . . . that [Safi's] claim[s] lacked merit." (*Ibid.*)

The facts in this case do not support such an inference. As detailed, *ante,* the record is devoid of any evidence indicating that

the trial court considered the merits of Safi's claims. Moreover, without the benefit of legal counsel, Safi actively pursued his claim against Long for nearly two years; successfully opposed Long's successive motions for terminating sanctions and to exclude any belatedly disclosed discovery; sought a jury trial; attempted to cure what the court perceived as defects in his discovery responses via an offer of proof; nonetheless was precluded from presenting any evidence in support of his claims at trial; and then filed motions for a new trial and judgment notwithstanding the verdict challenging the trial court's rulings. Thus, even accepting as true Long's version of the facts, the record does not support that the trial court, or Safi himself, was of "the opinion . . . that [Safi's] action would not succeed." (*Ross*, *supra*, 145 Cal.App.4th at p. 198.)

Safi's case therefore is distinguishable from those in which courts have concluded that dismissals resulting from a party's discovery violations are sufficient to support a subsequent malicious prosecution action. (*Compare Pattiz*, *supra*, 61 Cal.App.4th at p. 828 [declining to follow *Lumpkin v. Friedman* (1982) 131 Cal.App.3d 450, and finding no favorable termination where "factual showing by declarations negate[d] an inference that . . . failure [of plaintiff in underlying action] to comply with discovery was a concession that [plaintiff's claims] lacked merit"] *with Ross, supra,* 145 Cal.App.4th at p. 200 [affirming denial of anti-SLAPP motion challenging malicious prosecution claim because "dismissal of [the underlying] lawsuit for [the prosecuting party's] refus[al] to be deposed, like [a] dismissal for failure to prosecute . . . [citation], reflect[ed] adversely on the merits of the action based on the natural assumption that one does not simply abandon a meritorious action once instituted"] *and Lumpkin*, *supra*, 131 Cal.App.3d at p. 455 [favorable termination element adequately pleaded where court in the underlying action permitted the prosecuting party, an

20

attorney, to present testimony from his former client, but precluded the attorney from presenting other evidence due to his failure to comply with certain discovery requirements].)

Accordingly, we find that Long has failed to demonstrate a probability of prevailing on the "favorable termination" element of his malicious prosecution claim—a conclusion that mandates reversal of the trial court's denial of Safi's special motion to strike and dismissal of Long's claim for malicious prosecution.[18] Because malicious prosecution is Long's only remaining cause of action, our decision also requires that the trial court enter judgment in favor of Safi.

### D. *Attorney Fees*

Finally, although Safi is representing himself on appeal, he requests that we "award his appellate attorney fees, for work Safi's former attorney Jeff Lewis did . . . before [he] substituted out" of the case. A defendant who prevails on a special motion to strike is entitled to an award of appellate attorney fees. (*See, e.g.*, *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499.) Accordingly, we remand the matter to the trial court with directions to award Safi attorney fees incurred on appeal, in an amount to be determined by the trial court.

---

[18] We therefore need not address Safi's arguments concerning the other elements of Long's malicious prosecution claim. Nor need we resolve whether the trial court erred in failing to rule on the evidentiary objections Safi submitted in connection with his special motion to strike.

## DISPOSITION

We reverse the portion of the trial court's February 5, 2021 ruling denying Safi's special motion to strike with respect to Long's claim for malicious prosecution. The matter is remanded with instructions to enter judgment for Safi and to award Safi attorney fees incurred on appeal, in an amount to be determined by the trial court. Appellant Safi is awarded his costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.